**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Alison J. Southard, SBN 335716
2180 Harvard Street, Suite 500
Sacramento, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706
wcamy@porterscott.com
asouthard@porterscott.com

Attorneys for Defendant COUNTY OF FRESNO

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA DEEL and MICHAEL DEEL, individually and as successors-in-interest to TYLER DEEL, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF FRESNO; and DOES 1-10, inclusive,<br><br>Defendants.<br>_____ / | Case No.: 1:24-cv-00885-EPG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT**<br><br>Date:      October 4, 2024<br>Time:      10:00 a.m.<br>Location:  Courtroom: 10, 6th Floor<br><br>Complaint filed 8/1/2024 |

*{02058549.DOCX}*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

Defendant County of Fresno ("the County") hereby submits its Memorandum of Points and Authorities in support of its Motion to Dismiss from Plaintiffs' Amalia Deel ("Ms. Deel") and Michael Deel ("Mr. Deel") (collectively "Plaintiffs") Complaint all claims pled against the County, including the Fourth, Fifth, Sixth, and Seventh claims.[1]

## I. INTRODUCTION

This action arises from an interaction between Decedent Tyler Deel ("Decedent") and unnamed deputies of the Fresno County Sheriff's Office ("FSO") ("Responding Deputies"). Plaintiffs allege that on June 30, 2023, Responding Deputies responded to a call concerning **Decedent—who Plaintiffs impliedly concede was armed with an unspecified object.** Plaintiffs vaguely allege Responding Deputies "had information" suggesting Decedent was experiencing emotional distress and may require medical and/or mental health care, but that medical and/or mental health services had not arrived on scene. Plaintiffs allege Responding Deputies located Decedent and engaged him in some vague manner. Plaintiffs allege Responding Deputies ultimately used deadly force on Decedent and did not provide Decedent adequate medical care after he was shot. Plaintiffs bring four claims against the County based on the alleged conduct of Responding Deputies, including: (1) Fourth Claim for Violation of the Americans with Disabilities Act; (2) Fifth Claim for Battery; (3) Sixth Claim for Negligence; (4) Seventh Claim for Violation of California's Bane Act.

As further discussed below, Plaintiffs have pled insufficient facts to support any of their claims against the County. Plaintiffs' Fourth Claim for Violation of ADA fails because Plaintiffs do not plead facts suggesting Responding Deputies knew Decedent was disabled and failed to reasonably accommodate the disability by using less than lethal tactics. Plaintiffs' Fifth Claim for Battery fails because Plaintiffs have not pled sufficient facts to suggest the totality of circumstances rendered the use of force unreasonable. For instance, Plaintiffs allege in a conclusory manner that Responding Deputies used excessive force when they shot Decedent because Decedent did not pose an immediate threat of serious injury. However, Plaintiffs plead no *facts* regarding the events leading up to the use of force. Similarly, Plaintiffs' Sixth Claim for Negligence and Seventh Claim for Violation of Bane Act are insufficiently pled. Therefore, the County

---

[1] Plaintiffs' First, Second, and Third claims are pled against Doe Defendants only. (*See* ECF No. 1, Complaint.)

respectfully requests the Court grant this Motion and issue an order dismissing Plaintiffs' Fourth, Fifth, Sixth, and Seventh claims against the County.

## II.     FACTUAL BACKGROUND

Plaintiffs allege that, on June 30, 2023, Decedent "was experiencing emotional distress or a mental health crisis, potentially in part due to a medical condition" at his home, which he shared with his family. (ECF No. 1, Complaint, ¶ 18.) That afternoon, Plaintiff left his home. (*Id.*, ¶¶ 18-19.)

A call was placed to Fresno County Sheriff's Office ("FSO") regarding Decedent, and deputies responded to the call. (*See Id.*, ¶¶ 20, 22, 47.) At approximately 4:00 p.m., Fresno County Sheriff's Department ("FCSD") deputies "located" Decedent at a gas station. (*Id.*, ¶ 20.) **Plaintiffs allege "DECEDENT was not armed *with a gun*," implying Plaintiff was armed with another unspecified object.** (*Id.*, ¶ 40, emphasis added.)

Plaintiffs allege the responding deputies "knew or should have known that DECEDENT was experiencing a mental health or medical emergency." (*Id.*, ¶ 21.) Plaintiffs allege "[t]he responding DEPUTY DEFENDANTS approached DECEDENT and used lethal force against him." (*Id.*, ¶ 22.) Plaintiffs allege Decedent "did not impose an immediate threat of death or serious bodily injury to any person, including the deputies." (*Id.*) Plaintiffs allege deputies then "failed to timely summon medical care or permit medical personnel to treat DECEDENT." (*Id.*, ¶ 26.) Decedent died as a result of his injuries. (*Id.*, ¶ 27.)

## III.    LEGAL STANDARD

To survive a Motion to Dismiss under Federal Rules of Civil Procedure ("F.R.C.P.") Rule 12(b)(6), a plaintiff must make a "short and plain statement" providing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), quoting Rule 8(a)(2). Survival requires more than a statement that is merely consistent with a valid theory of recovery. *Id*. at 557. Rather, the statement must include "enough factual matter (taken as true) to suggest" a right to relief. *Id*. at 556 (parentheses in original). In other words, the statement must have "enough heft to show that the pleader is entitled to relief" and must "raise a right to relief above a speculative level." *Id*. at 557. Thus, the Ninth Circuit has summarized the governing standard, in light of Twombly and Iqbal, as follows: "In sum, for a

*{02058549.DOCX}*

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A court must determine whether the plaintiff would be entitled to some form of relief if the facts alleged in the complaint were true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). **However, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint.** *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–755 (9th Cir. 1994); *S. E. C. v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982); *W. Min. Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).

### IV.   ARGUMENT

**A. Plaintiffs' Fourth Claim for Violation of the American with Disabilities Act (42 U.S.C. Section 12132) Fails.**

"Title VII of the ADA prohibits a public entity from discriminating against any 'qualified individual with a disability.'" *Vos v. City of Newport Beach*, 892 F. 3d 1024, 1036 (9th Cir. 2018), citation omitted; *see also* 42 U.S.C. § 12182(a). To state a claim for violation of the ADA, Plaintiffs must plead facts suggesting (1) Decedent was an individual with a disability; (2) Decedent was otherwise qualified to receive the benefit of a public entity's services; (3) Decedent was denied the benefits of the public entity's services; and (4) such exclusion was because of his disability. *Atayde v. Napa State Hosp.*, 255 F.Supp.3d 978, 1000-01 (E.D. Cal. 2017). As further discussed below, the facts pled are insufficient to plead that Decedent suffered from a disability under the ADA or that Responding Deputies discriminated against Decedent based on the disability. Plaintiff's Fourth Claim against the County thus fails.

1. Disability

A "disability" includes: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having

{02058549.DOCX}

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

such an impairment." 42 U.S.C.A. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," or performing basic bodily functions. *See* 42 U.S.C.A. § 12102(2).

Here, Plaintiffs allege Decedent was a qualified individual with Huntington's Disease and Type I Diabetes. (ECF No. 1, Complaint, ¶ 66.) Plaintiffs allege Decedent showed signs of "emotional distress" and/or "mental distress" and that deputies had "information that DECEDENT may have been in need of mental health and/or medical care." (*Id.*, ¶¶ 1, 25 (emotional distress); ¶¶ 21, 37.) These facts are insufficient to plead that Decedent had a condition which limited major life activities or bodily functions. Every person experiences "emotional distress" from time to time; brief or even prolonged periods of emotional distress are not equivalent to a disability.  Similarly, an individual may require medical or mental health care for any number of reasons. It should go without saying that the overwhelming majority of those individuals are not "disabled" within the meaning of the ADA. Indeed, Plaintiffs have not pled facts showing how Decedent's alleged medical conditions substantially limited *his* major life activities in a manner which is relevant to this case. At most, Plaintiffs suggest Decedent was emotionally distressed on the day of his arrest and "may have been in need" of care on this one occasion. (*Id.*, ¶ 48.) This is insufficient to plead that Decedent was disabled under the ADA. Plaintiffs' fourth claim fails.

2. <u>Discrimination</u>

"Title VII applies to arrests." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018). "Courts have recognized at least two types of Title II claims applicable to arrests: (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees. *Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part, cert. dismissed in *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 610 (2015).

*{02058549.DOCX}*

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

To demonstrate a failure to accommodate under the ADA, a plaintiff must allege that a public entity knew of plaintiff's disability but failed to provide reasonable accommodations. *See Robertson v. Las Animas Cty. Sherriff's Dep't*, 500 F.3d 1185, 1196 (9th Cir. 2007).

    *a.  Knowledge of Alleged Disability*

Here, Plaintiffs allege the County violated the ADA by: (1) failing to properly train its deputies to respond to and interact peacefully with individuals with mental and physical impairments; and (2) failing to follow procedures for de-escalation and non-lethal force interactions with Decedent. (*Id.*, ¶ 71.) However, these allegations are utterly conclusory. There are no facts pled regarding Decedent's interaction with responding deputies which would suggest the deputies knew or should have known Decedent was disabled as Plaintiffs allege. Plaintiffs merely allege Decedent "show[ed] obvious signs of emotional distress," and/or mental distress and that responding deputies had "information that DECEDENT may have been in need of mental health and/or medical care." (*Id.*, ¶¶ 25, 48.) These facts are insufficient to suggest deputies knew or should have known Decedent was disabled under the ADA. As discussed above in Section IV(A)(1), every person experiences emotional or mental distress from time to time; brief or even prolonged periods of such distress typically do not amount to a disability. Similarly, an individual may require medical or mental health care for any number of reasons; the vast majority of those individuals are not disabled. Moreover, deputies are not trained medical or mental health diagnosticians and cannot seriously be expected to diagnose medical conditions, let alone disabilities, when responding to a call.[2] (*See Id.*, ¶¶ 20, 22, 47 (referencing deputies' response to call).) This is especially true when a subject is armed with an object. (*Id.*, ¶ 40.) Plaintiff has not pled sufficient facts to suggest that Responding Deputies, who are not doctors trained in medical or mental health diagnosis, knew or should have known Decedent was disabled as Plaintiffs allege.

---

[2] Indeed, Courts have declined to hold deputies to the same standard as medical professionals, who are in a better position to evaluate whether an inmate requires immediate care. *Gordon v. County of Washoe*, 290 F.3d 1175, 1196-97, overruled on other grounds by *Castro v. County of Los Angeles*, 290 F.3d 1175 (9th Cir. 2016) ("Nor can we say that [the decedent] was so obviously mentally ill that the deputies, who had received no training regarding the diagnosis and treatment of mental illness, must have known that [the decedent] was exhibiting symptoms of mental illness.").

*{02058549.DOCX}*

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

    *b. Reasonable Accommodation*

Officers may accommodate a qualified individual with "de-escalation, communication, or specialized help" if there is time to do so. *Vos,* 892 F.3d at 1037. However, such accommodations are not "reasonable" where there are "exigent circumstances," such as "securing the safety of themselves, other officers, and any nearby civilians," and where doing so "would pose an unnecessary risk to innocents." *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000). "[E]xigency is one circumstance that bears materially on the inquiry into reasonableness under the ADA." *Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part on other grounds, cert. dismissed in part sub nom. *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600 (2015), *citing Waller ex rel. Estate of Hunt v. City of Danville*, 556 F.3d 171, 175 (4th Cir.2009).

Here, the Complaint pleads minimal facts regarding Responding Deputies' alleged interaction with Decedent prior to using force. Plaintiffs allege in a conclusory manner that the deputies did not warn Decedent they were going to use deadly force, "despite it being feasible to do so." (ECF No. 1, Complaint, ¶ 23.) Plaintiffs further allege that no mental health workers or medical professionals responded to the scene prior to the use of deadly force, despite Decedent showing "obvious signs of mental distress." (*Id.*, ¶ 25.) Plaintiffs further allege without factual support that Responding Deputies did not attempt to deescalate the situation, nor did they use less than lethal alternatives even though the alternatives were available. (Complaint, ¶ 36.) Plaintiffs similarly conclude deputies "were not faced with an immediate threat of death or serious bodily injury," without pleading any facts as to Decedent's behavior, the length of the interaction, or the events leading to the use of force. (*Id.*, ¶ 24.)

However, beyond these mere conclusions, there are no *facts* pled suggesting Responding Deputies had time to warn Decedent of the use of force, or that such a warning was otherwise feasible. Additionally, Plaintiffs implicitly concede there was some type of exigent circumstances here, **as they imply Decedent was armed with an unspecified object.** (*Id.*, ¶ 40.) Further, Plaintiffs have not identified less lethal methods and provided facts suggesting why the less lethal methods were feasible in this circumstance. Moreover, while Plaintiffs suggest medical and mental health services did not arrive prior to the use of force, there are no facts pled suggesting those services were not also called or that it was feasible for Responding Deputies

*{02058549.DOCX}*

6
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

to wait for those services to arrive, especially where Decedent was armed. (*Id.*, ¶ 40.) As such, Plaintiffs have not pled sufficient facts to suggest Responding Deputies did not reasonably accommodate Decedent's alleged disability. The Fourth Claim similarly fails for this reason.

    *c. Disparate Treatment*

ADA plaintiffs may also bring a discrimination claim based on disparate treatment. To plead disparate treatment under the ADA, a plaintiff must demonstrate that other non-disabled individuals without plaintiff's disability were treated more favorably. *See McGary v. City of Portland*, 386 F. 3d at 1265–66 (9th Cir. 2004). As discussed above in Section IV(A)(2)(a), there are insufficient facts pled to suggest Responding Deputies knew Decedent was disabled. Further, there are no facts pled suggesting Responding Deputies treated Decedent differently than non-disabled individuals, or because of his alleged disabilities for that matter. Therefore, Plaintiffs have similarly not pled an ADA claim under a disparate treatment theory.[3]

Given the foregoing, Plaintiffs' Fourth Claim against the County fails and must be dismissed.

## B. Plaintiffs' Fifth Claim for Battery Fails.

A state law battery claim is a counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the peace officer's use of force was unreasonable. *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009).

Courts analyzing excessive force claims use an objective reasonableness standard. (*See Lombardo v. City of St. Louis*, 141 S.Ct. 2239, 2241 (2021). In assessing reasonableness, the court should give "careful attention to the facts and circumstances of each particular case, including: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "**The second of these so-called *Graham* factors—whether there is an immediate threat to the safety of the arresting officer or others—is the most important.**" *Ames v. King Cnty., Washington*, 846 F.3d 340, 348 (9th Cir. 2017), emphasis added. *See Hart v. City of Redwood City*, 99 F.4th 543, 553-

---

[3] Plaintiffs similarly have not pled a disparate impact theory. To establish disparate impact, a plaintiff must show that a facially neutral policy has a significantly adverse or disproportionate impact on disabled persons. *See Lawman v. City and County of San Francisco*, 159 F.Supp.3d 1130, 1148 n.11 (N.D. Cal. 2016); *see also Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996).

54 (9th Cir. 2024) (use of deadly force justified where the decedent did not comply with commands to drop knife, and instead rapidly approached officers while wielding the knife).

Use of deadly force is reasonable when an officer has probable cause to believe that the individual poses a significant threat of serious physical injury or death to the officer or others. *See Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021). Deadly force is permissible "if the suspect threatens the officer with a weapon" *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Courts may consider how quickly the officer used deadly force after encountering the decedent. *See A. K. H v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016). Courts also consider whether if was feasible to warn the suspect. *Garner,* 471 U.S. at 11-12. A court may also consider whether the suspect exhibits signs of mental illness. *See Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene . . ." *Graham*, 490 U.S. at 396.

Here, Plaintiffs plead insufficient facts regarding the alleged interaction between Decedent and Responding Deputies prior to the use of force. Plaintiffs plead in a conclusory manner that it was "feasible" to warn Decedent prior to using force, but they plead no facts as to Decedent's behavior or the threat posed by Decedent sufficient for the Court or the County to evaluate whether warning was feasible. (ECF No. 1, Complaint, ¶ 23.) Similarly, Plaintiffs do not plead facts regarding the length of the interaction prior to the use of force. Further, Plaintiffs' assertion that Decedent "did not impose an immediate threat of death or serious bodily injury to any person, including the deputies" is a legal conclusion devoid of factual support. (*Id,* ¶ 22.) Notably, Plaintiffs do not allege that Decedent was at any point cooperative with Responding Deputies. **Rather, Plaintiffs imply Decedent was armed with an object at the time of the incident, albeit not a firearm.** (*Id.*, ¶ 40.) Further, Plaintiffs claim Decedent was experiencing mental distress "and/or" needed medical care, but do they not plead any facts regarding Decedent's alleged symptoms or what Responding Deputies observed. (*Id.*, ¶ 37.) The facts pled are sparse and do not suggest Responding Deputies' use of force was unreasonable. To accept Plaintiffs' theory here, the Court would essentially hold that merely alleging a shooting of a suspect who is not armed with a firearm is sufficient to state a claim for battery. Clearly, that is not the law. Plaintiffs have at most pled a series of legal conclusions; this is insufficient to support their battery claim. Plaintiffs' third claim fails and must be dismissed.

*{02058549.DOCX}*

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

**C. Plaintiffs' Sixth Claim for Negligence Fails.**

The basic elements of a negligence claim are: (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003).

Under California negligence law, "a plaintiff must show that the defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Tabares*, 988 F.3d at 1125, citation omitted. "And "officers have a duty to act reasonably when using deadly force."" *Id.*, citation omitted. "[T]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*, citation omitted. Officers may be liable liable "if the tactical conduct and decisions leading up to the use of deadly force show, as part of the totality of circumstances, that the use of deadly force was unreasonable." *Id.*, citation omitted. Under California law, the officer's pre-shooting decisions may render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of shooting might be reasonable in isolation. *See, e.g., Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1082–83 (9th Cir. 2018).

As discussed above in Section IV(B), Plaintiffs have pled no facts regarding Decedent's interaction with Responding Deputies, other than by vaguely pleading Decedent was in "emotional distress" and/or "mental distress" and "did not pose an immediate threat of death or serious bodily injury to any person," despite apparently being armed in some capacity. (ECF No. 1, Complaint, ¶¶ 22, 37, 40.) Further, while Plaintiffs allege deputies did not deescalate the situation or use alternative methods to subdue Decedent, they plead no facts regarding the available options or whether they were feasible. (*Id.*, ¶¶ 36, 47.) The facts pled are conclusory and insufficient to state a claim that the Responding Deputies acted negligently. Similarly, Plaintiffs' laundry-list of alleged breaches pled in the body of the claim are conclusory and devoid of factual support. (*Id.*, ¶ 82.) Plaintiffs' Negligence claim fails and must be dismissed.

**D. Plaintiffs' Seventh Claim for Violation of the Bane Act Fails.**

To state a viable claim under California Civil Code section 52.1, a plaintiff must allege the defendant "interfere[d] by threat, intimidation, or coercion . . . with the exercise or enjoyment by [plaintiff] . . . of rights secured by the Constitution or laws of the United States, or . . . of this state." Cal. Civ. Code § 52.1.

*{02058549.DOCX}*

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

Here, Plaintiffs bring the following federal claims against the Responding Deputies: (1) First Claim for Violation of the Fourth Amendment – Excessive Force; (2) Second Claim for Violation of the Fourth Amendment – Denial of Medical Care; (3) and Violation of Fourteenth Amendment – Substantive Due Process. (*See* ECF No. 1, Complaint, ¶¶ 31-44 (first claim); 45-56 (second claim); 57-64 (third claim).)

1. Excessive Force

   a. *Alleged Constitutional Violation*

"[W]here a plaintiff brings an excessive force claim rooted in the Fourth Amendment, "the elements of the excessive force claim under § 52.1 are the same as under § 1983." *S.T. by and through Niblett v. City of Ceres*, 327 F.Supp.3d 1261, 1282 (E.D. Cal. 2018). As discussed extensively above in Section IV(B), Plaintiffs have pled insufficient facts to suggest that Responding Deputies' use of force was unreasonable. Plaintiffs' Bane Act claim similarly fails under this theory.

   b. *Specific Intent*

A plaintiff bringing a claim under the Bane Act relating to an excessive force claim must show that the officer "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018). In other words, a plaintiff must show that a defendant had the specific intent to violate the plaintiff's constitutional rights. This element may be satisfied if an officer shows "reckless disregard of the right at issue." *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 804 (2017), citation omitted.

Here, Plaintiffs allege, without factual support, that Responding Deputies "specifically intended to violate DECEDENT's constitutional rights . . . as demonstrated by [Responding Deputies'] reckless disregard for" Decedent's rights. (ECF No. 1, Complaint, ¶ 90.) Plaintiffs allege Responding Deputies shot Decedent "numerous times." (*Id.*, ¶ 89.) However, Plaintiffs plead no facts regarding the circumstances of the use of force, such as why firing multiple shots at Decedent was unreasonable given the totality of circumstances, let alone that Responding Deputies specifically intended to use unreasonable force in so firing. Plaintiffs' Bane Act claim similarly fails because Plaintiffs have not pled facts to demonstrate specific intent.

2. Denial of Medical Care

*a. Alleged Constitutional Violation*

A plaintiff may assert a claim for denial of medical care under the Fourth or Fourteenth Amendment to the United States Constitution. "The Fourth Amendment applies to claims of failure to provide medical care from arrest up until the time the arrestee is in custody, while the Fourteenth Amendment governs treatment of pre-trial detainees during the period of confinement after an arrestee is in custody." *See Acevedo v. City of Farmersville*, 2019 WL 3003996, fn. 3 (E.D. Cal. July 10, 2019), citations omitted. The standard under the Fourth Amendment is whether the officers provided objectively reasonable post-arrest care to an apprehended suspect. *See Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006). "[A] police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment, even if the officer did not administer CPR." *Id.* at 1099, *citing Maddox v. City of Los Angeles*, 792 F.2d 1408, 1415 (9th Cir. 1986).

Here, Plaintiffs allege medical and/or mental health services did not arrive on time, and thus that the Responding Deputies "failed to provide needed medical care" prior to the use of force. (ECF No. 1, Complaint, ¶¶ 37, 48.) However, there are no facts pled suggesting Responding Deputies owed a duty to call for medical services or that they altogether failed to place a call; they merely allege such services had not arrived when force was used. (*Id.*, ¶ 37.) Plaintiffs further plead no facts regarding the events leading up to the use of force sufficient to evaluate whether it was feasible to dispatch and/or wait for such services, nor the potential threat posed by Decedent, who Plaintiffs imply was armed. (*Id.*, ¶ 40.)

Plaintiffs also plead insufficient facts to support their claim that Responding Deputies then "failed to timely summon medical care or permit medical personnel to treat DECEDENT." (*Id.*, ¶ 26.) Plaintiffs allege that, after force was used, Decedent was then "immobile on the ground, alive, bleeding profusely, and was in obvious and critical need of medical care and treatment." (ECF No. 1, Complaint, ¶ 49.) Plaintiffs allege Responding Deputies "failed to timely summon medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and/or refused to permit medical care to access and care for DECEDENT at the scene for an appreciable time after the incident." (*Id.*, ¶ 50.) Similar to the majority of Plaintiffs' Complaint, these are conclusory allegations devoid of facts demonstrating, e.g., the extent of Decedent's injury, whether Decedent was mortally wounded, or the length of the alleged delay (beyond the

*{02058549.DOCX}*

11
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

vague allegation it was "appreciable"). Plaintiffs have failed to plead facts suggesting Responding Deputies acted unreasonably with respect to Decedent's medical care. Their Bane Act claim for denial of medical care fails.

    b. *Specific Intent*

As discussed above in Section V(D)(1)(b), the Bane Act requires that the officer specifically intended to violate the subject's rights. *Reese*, 888 F.3d at 1045. As discussed in Section IV(B), there are no facts pled suggesting Responding Deputies acted in reckless disregard to Decedent's rights when they used force prior to the arrival of medical and/or mental health services. Plaintiffs' claim that Responding Deputies specifically intended to violate Decedent's right to medical care similarly fails, where there are not even facts pled suggesting Responding Deputies acted unreasonably in not providing medical or mental health services prior to using force. (Section IV(A)-(C) above.) Similarly, while Plaintiffs allege "on information and belief," and without factual support, that Responding Deputies prevented medical personnel from timely treating Decedent, there are no facts suggesting Responding Deputies did so in reckless disregard to Decedent's rights, as it is not clear what Decedent's condition was when medical personnel arrived—i.e., whether he had already passed. (*See* ECF No. 1, Complaint ¶ 50.) Therefore, Plaintiffs' Bane Act claim based on denial of medical care also fails for this reason.

    3. <u>Loss of Familial Relationship</u>

    a. *Alleged Constitutional Violation*

"The state's interference with" the parent/child relationship "without due process of law is remediable under section 1983.'" *Rabinovitz v. City of Los Angeles*, 287 F.Supp.3d 933, 949 (C.D. Cal. 2018) (*citing Kelson v. City of Springfield*, 767 F. 2d 651, 655 (9th Cir. 1985), overruled on other grounds as noted in *Smith v. City of Fontana*, 818 F. 2d 1411, 1418, fn. 9). To amount to a violation, the conduct of the accused must "shock the conscience." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1079 (9th Cir. 2011). Under the overarching test of whether the official's conduct "shocks the conscience" are two standards: the more demanding "purpose to harm" standard and the lesser "deliberate indifference" standard. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). The deliberate indifference standard applies in situations where the officers who caused the harm to the parent or child acted or failed to act in a situation when

"actual deliberation is practical." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998). When officials have "time to make unhurried judgments," and "extended opportunities to do better," but unreasonably allow harm to occur, then their "protracted failure even to care" can shock the conscience, thus giving rise to a substantive due process claim. *Id.* at 853. But when unforeseen circumstances demand an officer's instant judgment, even precipitate recklessness fails to inch close enough to harmful purpose to spark the shock that implicates "the large concerns of the governors and the governed." *Id.*, citation omitted.

Here, Plaintiffs allege Responding Deputies' alleged actions "shock the conscience, in that they acted with the deliberate indifference to the constitutional rights of Plaintiffs" by using excessive force and violating Decedent's right to medical care. (ECF No. 1, Complaint, ¶ 60.) However, as noted above, "shock the conscience" and "deliberate indifference" are two different standards. As discussed at length above, the Responding Deputies did not act with deliberate indifference to Decedent's (and therefore Plaintiffs') rights. Moreover, Plaintiffs have pled no facts regarding the circumstances of the interaction between Plaintiff and Responding Deputies, let alone facts suggesting they had "time to make unhurried judgments," and "extended opportunities to do better," but "unreasonably allow harm to occur." *County of Sacramento v. Lewis*, 523 U.S. at 853. Indeed, the little facts pled describe a chaotic situation in which Decedent was in "emotional distress" and armed with an object. (ECF No. 1, Complaint, ¶ 40.) Further, beyond conclusory assertions there were less-than-lethal methods available, Plaintiffs plead insufficient facts regarding the methods to evaluate whether the alternatives were feasible under the circumstances. Therefore, Plaintiffs have not sufficiently pled either that the Responding Deputies acted with deliberate indifference or in a manner which "shocks the conscience." Plaintiffs' Bane Act claim thus fails to the extend it is based on the alleged deprivation of familial relationship.

    b. *Specific Intent*

As discussed above, there are no facts pled suggesting the Responding Deputies specifically intended to deprive Decedent of his rights. Similarly, there are no facts pled suggesting Responding Deputies did (or could have) specifically intended to violate Plaintiffs' rights. Plaintiffs' Bane Act claim similarly fails under this theory.

For the foregoing reasons, the Court should dismiss Plaintiffs' Bane Act claim.

*{02058549.DOCX}*

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

## V. **CONCLUSION**

For the foregoing reasons, the County respectfully requests that the Court grant this Motion and issue an order dismissing Plaintiffs' Fourth, Fifth, Sixth, and Seventh Claims against the County.

Dated: August 28, 2024

PORTER SCOTT
A PROFESSIONAL CORPORATION

By: /s/ *William E. Camy*
William E. Camy
Alison J. Southard
Attorney for Defendant
*{02058549.DOCX}*

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT