**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Shannon J. Leap, Esq. (SBN 339574)
*sleap@galipolaw.com*
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMALIA DEEL and MICHAEL DEEL, individually and as successors-in-interest to TYLER DEEL, deceased;<br><br>Plaintiffs,<br>vs.<br><br>COUNTY OF FRESNO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:24-cv-00885-KES-EPG<br><br>[*Honorable Kirk E. Sherriff*]<br>Magistrate Judge Erica P. Grosjean<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Action Filed**<br>August 1, 2024<br>**Scheduling Conference**<br>Nov. 5, 2024 @ 10:00 a.m., Ctrm. 6<br>**Hearing**<br>Vacated Per Dkt. Entry No. 10. |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This civil rights and state tort action arises out of the excessive and unreasonable force used on Decedent Tyler Deel ("Deel" or "Decedent") by Fresno County Sheriff's Department ("FCSD") Deputies ("Deputy Defendants"). On June 30, 2023, at approximately 4:00 p.m., Decedent Deel left his family home and arrived at a Valero gas station at or near 525 S. Clovis Avenue, Fresno, California, 93737. At the gas station, Deputy Defendants encountered Decedent Deel, who Plaintiffs are informed, believe, and on that basis allege, was clearly experiencing a mental health and/or medical crisis related to his diagnoses of Huntington's Disease and Type I Diabetes, about which Defendant Deputies knew or should have known. Furthermore, Decedent was never armed with a firearm, nor did Decedent cause an immediate threat of great bodily or death to the Defendant Deputies or any other bystanders at any relevant time. Nevertheless, in violation of Decedent's and Plaintiffs' rights, the Defendant Deputies used deadly force against Decedent, shooting and killing him. In so doing, as Plaintiffs allege in their Complaint, Defendant Deputies failed to use de-escalation tactics, failed use or exhaust less lethal alternatives, failed to warn Decedent that they would use deadly force against him prior to doing so, failed to timely summon medical care before and after the shooting, and Defendant County failed to train Deputies on appropriate methods and tactics in approaching someone who is likely experiencing a mental health or medical crisis.

Through their August 1, 2024, Complaint for Damages (Dkt. No. 1), Plaintiffs Amalia Deel and Michael Deel bring the following claims for relief against Defendants pursuant to 42 U.S.C. §1983 and Federal law: (1) Fourth Amendment Unreasonable Seizure; (2) Fourth Amendment Excessive Force; (3) Fourteenth Amendment Interference with Familial Relations; (4) Violation of the Americans

with Disabilities Act. Plaintiff also brings the following claims under State Law: (5) Battery; (6) Negligence; and (7) violation of the Bane Act.

Through its Motion, Defendant County of Fresno ("Defendant County") requests this Court dismiss Plaintiffs' claims for violation of the Americans with Disabilities Act, Battery, Negligence, and Violation of the Bane Act. Plaintiffs contend that the Complaint pleads sufficient facts to state these claims for relief and respectfully request that Defendant's Motion be denied in full. Alternatively, if the Court finds any allegations to be insufficiently pled, Plaintiffs request leave to amend the complaint.

## II. LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is rare. Indeed, it is "only [in] the extraordinary case in which dismissal is proper" for failure to state a claim. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading. Under this Rule, a district court properly dismisses a claim only if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (emphasis added). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A plaintiff need only provide a short and plain statement showing that she is entitled to relief. Fed. R. Civ. Pro. 8 (a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). As described herein, dismissal here would be improper because Plaintiffs assert cognizable legal theories, provide sufficient facts to support those theories, and put Defendants on notice of the claims.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a complaint should not be dismissed on such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003) (quoting *Conley*, 355 U.S. at 45-46); *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000); *see also United States v. Hempfling*, 431 F.Supp.2d 1069, 1075 (E.D. Cal. 2006) ("A Rule 12(b)(6) motion is disfavored and rarely granted.").

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Considering these important standards, Plaintiffs alleged sufficient facts to support the challenged claims. Alternatively, where a motion to dismiss is granted, the court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See*, *e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. PLAINTIFFS' COMPLAINT SUFFICIENTLY STATES CLAIMS AGAINST DEFENDANTS

### A. Plaintiffs State a Claim Relief for the Violation of the ADA.

Plaintiffs adequately pled facts pursuant to Rule (8) of the Federal Rules of Civil Procedure to state a plausible claim for relief against the Defendant County and Defendant Deputies for their violation of Decedent's rights under the Americans With Disabilities Act ("ADA"). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. To state a claim for relief under Title II of the ADA, Plaintiffs must generally show that the harmed individual is:

> "(1) [ ] an individual with a disability; (2) [ ] otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) [ ] was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of [their] disability." *Vos v. City of Newport Beach,* 892 F.3d 1024, 1037 (9th Cir. 2018), (citing *Sheehan v. City & County of S.F.*, 743 F.3d 1211, 1231 (9th Cir.), *cert. granted sub nom., City & County of S.F., Cal. v. Sheehan*, —– U.S. ——, 135 (2014), and *rev'd in part, cert. dismissed in part sub nom.*, *Sheehan II*, 135 S.Ct. at 1778 (hereinafter "*Sheehan I*").

In their complaint, Plaintiffs include facts that sufficiently state a claim for relief under the ADA and under the Ninth Circuit's pleading requirements.

*1. Decedent Was a Qualified Individual With a Disability*.

Plaintiffs clearly state that Decedent, Tyler Deel, was a qualified individual, as defined by the ADA, given that he was diagnosed with Huntington's Disease and Type 1 diabetes (Complaint ("Compl.") ¶ 66). Plaintiffs further described that such diagnoses "substantially limited [Decedent's] ability to care for himself and control his physical and mental health condition," (*Id.*). These facts satisfy the first two pleading requirements outlined above. Decedent's diagnoses of Huntington's Disease and Type 1 Diabetes are disabilities as defined in the ADA, in part because the symptoms of these diseases substantially impair one's ability to care for themselves, as defined in the statute. 42 USC § 12131(2). By virtue of these diagnoses, which can manifest in visible, physical symptoms including mobility issues, emotional distress, and mental health crises, Decedent inherently met the

statutory criteria for a "qualified individual," under the ADA. 42 USC § 12131(2).[1] Moreover, Plaintiffs' include facts that Decedent "was a "qualified individual," with Huntington's Disease and Type 1 Diabetes, which substantially limited his ability to care for himself and control his physical and mental health condition as defined under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132(2)" (Compl. ¶ 66). Plaintiffs therefore meet these first two elements of *Sheehan's* pleading requirements under the ADA.

2. *Decedent Was Denied the Benefits of County's Services*.

Plaintiffs also plead facts sufficient to satisfy the third requirement, that Decedent "was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity." *Vos,* 892 F.3d at 1037. For example, Plaintiffs allege that Defendant County does have an obligation "to develop effective procedures for interactions with individuals with Huntington's Disease and Type 1 Diabetes and to ensure the protection of their personal and civil rights." (Compl. ¶ 69-70). Plaintiffs also allege that Defendants failed to comply with the ADA by: "(1) failing to properly train its deputies to respond to and interact peacefully with individuals with mental and physical impairments, including Huntington's Disease and Type 1 Diabetes, such as Decedent; and (2) failing to follow procedures for de-escalation and non-lethal force interations with Decedent, who was experiencing a medical and/or mental health crisis." (*Id.* ¶ 71).

Furthermore, Plaintiffs allege that "On information and belief, Deputy Defendants knew or should have known that Decedent may have been experiencing a medical and/or mental health crisis," and that Defendants failed to respond accordingly by using de-escalatory tactics, including calling or waiting for mental

[1] "The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 USC § 12131(2).

health workers or medical professionals to arrive to the scene prior to using excessive and unreasonable deadly force against (Compl. ¶ 21-25).

Defendants cite *Robertson v. Las Animas Cnty. Sheriff's Dep't,* a Tenth Circuit decision, for the proposition that Defendants must have knowledge of Decedent's disability as a precondition for accommodating his disability. 500 F.3d 1185 (10th Cir. 2007).[2] The Ninth Circuit instead requires that Defendant must be on notice that accommodation is required and have failed to act upon it. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001). The Ninth Circuit has held that an "obvious" disability puts the defendants on notice, such that an accommodation is required. *Duvall*, 260 F.3d at 1139 ("When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required…"). Here, Plaintiffs allege that Decedent was experiencing obvious signs of a mental health or medical emergency, and that Defendants knew or should have known that Decedent was experiencing such a crisis. (Complaint ¶ 21-25). Such factual allegations show that the County had an obligation to provide an accommodation to Decedent, and failed to do so.

*3. Defendants' Failure to Accommodate Decedent was Due to his Disability*.

Finally, for the reasons stated above, Plaintiffs sufficiently plead facts that the County's failure to provide an accommodation in detaining Decedent was due to his disability. *Vos,* 892 F.3d at 1037. The Court should read the complaint as a whole with all factual allegations, "together with all reasonable inferences" from those allegations. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.* 637 F3d 1047, 1054 (9th Cir. 2011). Throughout Plaintiffs' complaint, Plaintiffs allege that Defendants knew or should have known that Decedent was suffering from a mental health or medical crisis, (Compl. ¶ 21-25) was not posing an immediate threat of

[2] In Defendants' Motion (Dkt. No. 9-1), *Robertson v. Las Animas Cnty. Sheriff's Dep't* is cited as a Ninth Circuit decision, however, Plaintiffs' counsel was only able to find the citation as a Tenth Circuit decision.

death or serious bodily injury to Defendants or any other bystander (*Id.*), and that in spite of these circumstances, Defendants failed to use de-escalatory tactics and instead used unreasonable deadly force against decedent. (*Id.* ¶ 33-43). As Plaintiffs include in their allegations, it would have been appropriate for Defendants to use non-deadly tactics including, de-escalation, waiting for mental health or medical care providers to arrive on scene, or other less-lethal alternatives in their response to Decedent, as he was likely experiencing a mental health crisis as symptoms of his disabilities. (*Id.* at ¶ 66-71). Defendants' response of using lethal force against Decedent when he did not pose an immediate threat of death or serious bodily injury, was not armed with a firearm, and when Defendants knew or had reason to know that Decedent was experiencing a mental health crisis is a denial of an accommodation to respond appropriately with non-deadly force (i.e. de-escalation tactics, waiting for mental health or medical care providers to arrive) based on Decedent's disabilities.

Therefore, Plaintiffs have alleged more than a short and plain statement, facts sufficient to state a claim for relief, and that give Defendants fair notice of their misconduct under the ADA.

**B. Plaintiffs State a Claim for Relief for Battery.**

Plaintiffs' allegations in the Complaint clearly include facts sufficient to state a claim for battery. At the pleading stage, Plaintiffs must allege facts that support the following elements that plausibly constitute a claim for battery: (1) the Defendants used deadly force against Decedent; (2) the use of deadly force was not necessary to defend human life; (3) that Decedent was killed; and (4) that the use of deadly force was a substantial factor in causing Decedent's death. CACI No. 1305B (2024).

Plaintiffs clearly allege that the Defendant Deputies shot and killed Decedent. (Compl. ¶ 75). Plaintiffs further plead facts that demonstrate that the use of deadly force was not necessary to defend human life, including that Decedent did not pose

an immediate threat of death or serious bodily injury to anyone (*Id.* ¶ 75-76), that less-lethal alternatives were available to use and were not used or exhausted, (including de-escalation tactics, calling for and waiting for medical and/mental health care workers to arrive on scene), that Defendants did not issue a warning that they were going to use deadly force prior to using deadly force, and that Decedent was experiencing a medical and/or mental health crisis for which he needed treatment, not lethal force. (*Id.* ¶ 20-27). Thus, under these facts, Plaintiffs stated a plausible claim for relief for battery.

Defendants dedicate significant portions of their Motion arguing that because Decedent was not armed with a firearm, Plaintiffs imply that he was armed with another object or another deadly object. Plaintiffs include no such allegations in their complaint, and to attempt to incorporate alleged facts that are outside of the "four corners" of the pleadings is improper at this stage of the case. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Plaintiffs therefore request this Court not to consider the extraneous information included in Defendant's motion.

Finally, Plaintiffs sufficiently allege the grounds for vicarious liability against the County of Fresno for the actions of its employees, Defendant Deputies. California Government Code section 815.2(a) provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. (Compl. ¶ 75-77). Plaintiffs have also pled that the Defendant Deputies were employees of the County, acting within the course and scope of their employment as County of Fresno Sheriff's Department Deputies at all relevant times in this incident. (*Id.*). Because Plaintiffs have alleged facts that plausibly state a battery claim for relief due to the Defendant Deputies' use of lethal force, their employment by Defendant County, and the basis for the County's liability for its employees' actions, Plaintiffs clearly plead facts sufficient to state a claim for battery against Defendant County on a theory of vicarious liability.

Plaintiffs therefore plead sufficient factual to give Defendants fair notice of their misconduct. Defendants' liability for the deprivations based on the facts alleged and all reasonable inferences therefrom is more than plausible, it is obvious.

**C. Plaintiffs State a Claim for Relief Under a Negligence Theory.**

Plaintiffs also plead sufficient facts for their negligence claim. Plaintiffs must allege facts sufficient to make plausible that: (1) Defendants owed a duty to Decedent; (2) that Defendants breached that duty; and (3) the breach caused Decedent's death. *Hayes v. County of San Diego (Hayes I)*, 57 Cal.4th 622, 629 (2013). "In California, police officers 'have a duty to act reasonably when using deadly force.'" *Vos v. City of Newport Beach*, 892 F.3d 1024, 1037 (9th Cir. 2018), quoting *Hayes I*, 57 Cal.4th at 629. To determine police liability, a court applies tort law's "reasonable care" standard, which is distinct from the Fourth Amendment's "reasonableness" standard. *Id.* at 638. Additionally, the California Supreme Court has clarified that in police shooting cases, the negligence analysis is even broader than a typical Fourth Amendment analysis because state law specifically considers negligent "pre-shooting" tactics as part of the "totality of the circumstances" evaluation. *Id.* at 639 (an officer's tactical conduct and decisions preceding the use of deadly force are relevant considerations in determining whether the use of deadly force gives rise to negligence liability, which "can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable").

Furthermore, "[p]ublic employees are liable for injuries resulting from their acts or omissions to the same extent as private persons, except where otherwise exempted or immunized by law." Gov. Code § 820. Public entities are correspondingly liable for the negligent acts or omissions of their employees acting within the scope of their employment except where either the employee or the public entity is immunized from liability by statute. Gov. Code § 815.2.

Here, as Plaintiffs allege, Defendants owed Decedent a duty to use reasonable care to prevent harm. This duty includes the duty to use appropriate tactics, give appropriate commands, give warnings, and use the least amount of force necessary, with deadly force to be used only as a last resort. (Compl. ¶81). Plaintiffs include nine (9) points exemplifying just some of the ways in which Defendants breached the duty of reasonable care they owed to Decedent including *inter alia*: by failing to properly and adequately assess the need to use deadly force against Decedent, failing to properly train Defendant Deputies with respect to the use of deadly force, failing to ensure that adequate numbers of employees with appropriate education and training and were available to meet the needs of and protect the rights of Decedent; failure to give appropriate commands, warnings, use appropriate tactics before, during, and after the use of deadly force so as to avoid using deadly force; and failure to provide appropriate responses to obvious mental health crisis calls. (*Id*. ¶ 80-82). Because of Defendants' failures and omissions in their handling of the incident resulting in Decedent's death, Decedent obviously suffered damages. (*Id*. ¶ 83).

**D. Plaintiffs State a Claim for Relief Under the Bane Act.**

A Bane Act claim is premised on the violation of a constitutional right; thus, the constitutional claim determines a Bane Act claim's merit. *See Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009) ("The elements of a section 52.1 excessive force claim are essentially identical to those of a §1983 excessive force claim."); *See Venegas v. County of Los Angeles*, 63 Cal.Rptr. 3d 741, 742 (Cal. Ct. App. 2007); Civ. Code §52.1. As set forth below, Plaintiffs can establish a constitutional violation, and Defendants are not moving to dismiss Plaintiffs claims under the Fourth or Fourteenth Amendments. The Bane Act is violated when an official violates the constitution with the specific intent to deprive a person of protected interests. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018). "But it is not necessary for the defendants to have been thinking in

constitutional or legal terms at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Id.*; *Nehad v. Browder*, 929 F.3d 1125, 1142 n.5 (9th Cir. 2019). Here, Defendants deprived Decedent of the constitutional right to be free from excessive force and deprived Plaintiffs of their right to be free from state interference with their familial relationship with their son, Decedent.

To the extent that Defendants argue that Plaintiffs have not sufficiently established a claim for the violation of the Fourth or Fourteenth Amendments by way of Defendants' argument to dismiss Plaintiffs' Bane Act Claim, Plaintiffs address each of these arguments individually, out of an abundance of caution.

1. *<u>Plaintiffs Sufficiently Plead a Violation of the Fourth Amendment For Excessive Force</u>*

Violations of the Fourth Amendment for Excessive Force are analyzed under a "reasonableness" standard, under *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *See Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1121 n.6 (2004) *see also Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013); *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1274 (1998). Under this analysis, not all force is analyzed under the same standard; the inquiry as to whether the use of force was reasonable begins by assessing both the type and amount of force used. *See Bryan v. MacPherson*, 630 F.3d 805, 824 (9th Cir. 2010); *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (*quoting Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994)). Here, it is clearly alleged that the Defendant Deputies shot Decedent, thereby using deadly force. *See*, *e.g.*, *Blanford v. Sacramento County*, 406 F.3d 1110, 1117-19 (9th Cir. 2005). It is well-established that the Defendant Deputies' actions were "extreme" and should only be used in limited circumstances. *A.K.H. ex rel. Landeros v. City of Tustin*, 837 F.3d 1005, 1011 (9th Cir. 2016).

The use of deadly force must be balanced against the purported need for it. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946-47 (9th Cir. 2017); *see also Glenn v. Washington County*, 673 F.3d 864, 871 (9th Cir. 2011); *Bryan*, 630 F.3d at 823. Government interest factors to balance against the type of force used include "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Other factors include (4) the availability of alternative methods to effectuate an arrest or overcome resistance, *Smith*, 394 F.3d at 701, and (5) the giving of a warning prior to the use of force, *Nelson v. City of Davis*, 685 F.3d 867, 882 (9th Cir. 2012); *see also Isayeva*, 872 F.3d at 947 (*quoting Glenn*, 673 F.3d at 872).

Based on the allegations in the Complaint and all reasonable inferences therefrom, none of the government interests under *Graham* and its progeny support the use of such extreme force here: (1) Defendants did not have probable cause to believe that Decedent had committed a serious or violent crime (Compl. ¶ 20-28); (2) Decedent did not pose an immediate threat of death or serious bodily injury to any person when the force was used (*Id*. ¶¶ 31-44); (3) there are no allegations in the Complaint that Decedent was resisting arrest or attempting to evade by flight, instead, Defendants approached Decedent in broad daylight at the gas station (*Id*.); (4) Plaintiff was not armed with a firearm at any time; (5) there were reasonably non-lethal, less-lethal, less-intrusive alternatives to the use of deadly force available such as utilizing proper positioning, communication, providing warnings, using distance, and de-escalating the situation (*Id*.) and (6) no warning was given prior to the use of deadly force (*Id*.). Thus, under these facts, Plaintiffs stated a plausible claim for relief for violation of the Fourth Amendment.

///

///

2. *Plaintiffs State a Claim for Relief for Denial of Medical Care*

Individuals apprehended by law enforcement have a Fourth Amendment right to "objectively reasonable post-arrest [medical] care." *Tatum v. City & Cnty. Of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006). In order to state a claim for relief for denial of medical care, a plaintiff must allege that the officers did not provide objectively reasonable post-arrest care. *Id.* Minimally, reasonable post arrest care includes timely summoning emergency help. *Id*. District Courts have also found that calling for paramedics, but then obstructing their ability to provide medical care for the apprehended person denies that person their right to reasonable medical care under the Fourth Amendment. *Rosales v. Cnty. of San Diego*, 511 F. Supp. 3d 1070, 1092 (S.D. Cal. 2021) ("obstructing paramedics in an ambulance by attempting to handcuff an unconscious arrestee suffering a cardiac arrest is objectively unreasonable post-arrest care.), *See also Honeycutt v. City of Los Angeles*, No. 20CV04841CBMJCX, 2021 WL 1156839 at * 2 (C.D. Cal. Feb. 4, 2021) (Plaintiff adequately pled denial of medical care claim when defendants 'carelessly and/or deliberately' delayed medical personnel "waited 'hours' before making entry and allowing medical treatment").

Plaintiffs meet these pleading requirements in their Complaint, in which Plaintiffs allege that Defendants failed to summon medical care prior to using deadly force against Decedent, despite having knowledge that Decedent was likely experiencing a medical or mental health emergency upon Defendant Deputies' arrival (Compl. ¶ 46-48). Plaintiffs further allege that following the use of deadly force against Decedent, Decedent "was immobile on the ground, alive, bleeding profusely, and was in obvious and critical need of medical care and treatment" (*Id.* at ¶ 49) and that Defendants failed to provide the necessary medical care prior to and after the shooting incident for an appreciable amount of time after the incident. (*Id.* at ¶ 50).

Plaintiffs therefore sufficiently pled specific and clear facts upon which a claim for the denial of medical care to Decedent can be granted, and to support their claim for Defendants' Violation of the Bane Act.

3. *Plaintiffs State a Claim for Relief For Violation of the Fourteenth Amendment*

The Ninth Circuit has consistently recognized a Fourteenth Amendment liberty interest of parents in the companionship and society of their adult children. *See*, *e.g.*, *Lee v. Cnty. of Los Angeles*, 250 F.3d 668, 685-86 (9th Cir. 2001); *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) *cert. denied*, 131 S. Ct. 1492 (U.S. 2011); *Curnow ex rel. Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991); *Smith v. City of Fontana*, 818 F.2d 1411 (9th Cir. 1987) (it is "the familial relationship, and not the more narrow custodial interest of the parents, Plaintiffs [which gives] rise to the due process action.") (overruled on other grounds by *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999)); *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011 (C.D. Cal. 2000).

Plaintiffs clearly allege that both Plaintiffs had cognizable interests under the Fourteenth Amendment to be free of state actions that deprive them of unwarranted state interference with their son. (Compl. ¶ 59-60). Plaintiffs further allege that the actions of the Defendant Deputies – namely shooting their son, who was experiencing a mental health crisis – shocks the conscience in that they acted with deliberate indifference and with reckless disregard for Decedent's and Plaintiffs' rights in so doing. (Compl. ¶ 59-62).

Thus, for the same reasons Plaintiffs' Fourth Amendment and Fourteenth Amendment survive, so does their Bane Act claim. *See*, *e.g.*, *B.B. v. County of Los Angeles*, 25 Cal.App.5th 115, 128-34 (2018) (denying summary adjudication on Bane Act claim where plaintiffs' evidence suggested defendants deliberately subjected decedent to more force than was necessary to make arrest). Here Defendants acted with reckless disregard for Decedent's rights when they used

deadly force against him, absent an immediate threat of serious bodily injury or death, when Decedent was experiencing a mental health or medical crisis, about which the Defendant Deputies knew or should have known and failed to respond accordingly. (Compl. ¶ 86-97). Plaintiffs' allegations are specific, applicable to the facts of this case, and provide fair notice to the Defendants of their wrongful conduct.

## IV. PLAINTIFFS REQUEST LEAVE TO AMEND ANY INSUFFICIENT CLAIM

Under the Federal Rules of Civil Procedure, courts "should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted). The party opposing amendment bears the burden of showing it will be prejudiced if amendment is allowed. *DCD Progs., Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted). Should this Court grant any portion of Defendant County motion, Plaintiffs request that the Court grant Plaintiffs leave to amend so that any insufficient claim may be cured. Defendants County have not moved to dismiss or strike any of Plaintiffs' claims with prejudice, nor otherwise asked that the Court deny leave to amend, (*see* Mot.), and therefore have not carried their burden of showing prejudice. *See DCD Progs.*, 833 F.2d at 187.

## V. CONCLUSION

For each of the foregoing reasons, Plaintiffs respectfully request an order denying Defendants' Motion in full as set forth above.

DATED: September 11, 2024

**LAW OFFICES OF DALE K. GALIPO**

*/s/ Shannon J. Leap*

Dale K. Galipo
Shannon J. Leap
*Attorneys for Plaintiffs*