**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Alison J. Southard, SBN 335716
2180 Harvard Street, Suite 500
Sacramento, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706
wcamy@porterscott.com
asouthard@porterscott.com

Attorneys for Defendant COUNTY OF FRESNO

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA DEEL and MICHAEL DEEL, individually and as successors-in-interest to TYLER DEEL, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF FRESNO; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.: 1:24-cv-00885-KES-EPG**<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT**<br><br>**Hrg. Date:   VACATED**<br><br>Complaint filed 8/1/2024 |

*{02058549.DOCX}*

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

## I. INTRODUCTION

In the Opposition, Plaintiffs do not address the County's primary argument that, absent Plaintiffs alleging facts regarding the interaction between Decedent and Responding Deputies, the Complaint fails to state any claim against the County. Instead, Plaintiffs maintain that mere legal conclusions pled in the Complaint are sufficient to support Plaintiffs' claims. They are not. The Complaint contains no more than bare recitations of the elements of Plaintiffs' various claims against the County, which are insufficient to survive a Motion to Dismiss. Therefore, Plaintiffs' Fourth Claim for Violation of the Americans with Disabilities Act, Fifth Claim for Battery, Sixth Claim for Negligence, and Seventh Claim for Violation of the Bane Act against the County fail as a matter of law and must be dismissed.

## II. ARGUMENT

### A. Plaintiffs' Fourth Claim for Violation of the Americans with Disabilities Act ("ADA") Fails as a Matter of Law.

As discussed in the County's moving papers, to state a claim for violation of the ADA, Plaintiffs must plead facts suggesting (1) Decedent was an individual with a disability; (2) Decedent was otherwise qualified to receive the benefit of a public entity's services; (3) Decedent was denied the benefits of the public entity's services; and (4) such exclusion was because of his disability. *Atayde v. Napa State Hosp.*, 255 F.Supp.3d 978, 1000-01 (E.D. Cal. 2017).

1. <u>Plaintiffs' Contention that Decedent was a Qualified Individual with a Disability Is Entirely Conclusory and Devoid of Factual Support.</u>

In the Opposition, Plaintiffs contend they have pled sufficient facts that Decedent had a disability because "[p]laintiffs clearly state that Decedent, Tyler Deel, was a qualified individual, as defined by the ADA, given that he was diagnosed with Huntington's Disease and Type 1 diabetes" and because they state that Decedent's alleged condition "substantially limited [Decedent's] ability to care for himself and control his physical and mental condition." (Opposition, 5:17-19.)

As discussed in the Motion, these allegations are entirely conclusory. A "disability" includes: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. §

*{02058549.DOCX}*

1
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

1    12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," or performing basic bodily functions. See 42 U.S.C.A. § 12102(2). Here, Plaintiffs plead no facts regarding the progression of Decedent's alleged diseases or the associated symptoms to evaluate whether they substantially limited Decedent's ability to care for himself as Plaintiffs claim. *Atayade,* 255 F.Supp.3d at 1000-01. People diagnosed with diabetes or Huntington's Disease experience symptoms in varying degrees of severity; many individuals with these conditions are not disabled and able to live independent, functional lives. These mere diagnoses do not render one disabled. Plaintiffs have failed to plead *facts*, rather than conclusions, demonstrating why Decedent suffered from a disability. Plaintiffs thus have failed to plead facts sufficient to state a claim for violation of the ADA and their first claim fails. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–755 (9th Cir. 1994) (court need not accept as true conclusory allegations); *S. E. C. v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982); *W. Min. Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).

   2. Knowledge of Disability

Plaintiffs claim their allegations that "Decedent was experiencing obvious signs of a mental health or medical emergency, and that Defendants knew or should have known that Decedent was experiencing such a crisis" are sufficient to show that the Responding Deputies knew Decedent was disabled and required an accommodation. (Opposition, 7:13-15.) As discussed in the Motion, these allegations are conclusory.

"To plead a failure to accommodate under the ADA or Rehabilitation Act, a plaintiff must allege that a public entity knew of plaintiff's disability but failed to provide reasonable accommodations. *Atayde*, 255 F.Supp.3d at 1001; *Cravotta v. Cnty. of Sacramento*, 2024 WL 645705, at *8 (E.D. Cal. 2024); *Hulet v. Cnty. of Tuolumne*, 2024 WL 3758360, at *8 (E.D. Cal. 2024); *see also Robertson v. Las Animas Cnty. Sherriff's Dep't*, 500 F.3d 1185, 1196 (10th Cir. 2007).[1] "A public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation." *Hulet*, 2024 WL 3758360, at *8; *Updike v. Multnomah Cnty.*, 870 F.3d 939, 950–51 (9th Cir. 2017). Here, there are no *facts* pled regarding Decedent's behavior or

---

[1] In the Motion, the County mistakenly cited *Robertson* as a Ninth Circuit decision. (Motion, 6:2-3.)

{02058549.DOCX}

what Responding Deputies noticed or should have noticed, such that the Court and the County cannot evaluate whether such behavior made it "obvious" Decedent required an accommodation. *Hulet*, 2024 WL 3758360, at *8. Plaintiffs have thus not sufficiently pled facts suggesting Responding Deputies were required to accommodate Decedent's alleged disability. Their fourth claim similarly fails for this reason.

### 3. Failure to Accommodate

In the Opposition, Plaintiffs rely on their conclusory allegations that Decedent did not pose an immediate threat of injury and that there were less than lethal options available. (Opposition, 7:24-8:14.) However, as discussed in the Motion, Plaintiffs have not pled *facts* regarding the duration of the stop or Decedent's interactions with Responding Deputies sufficient to suggest they "had the time and opportunity to assess the situation and employ the accommodations identified by" Plaintiffs. *Vos*, 892 F.3d at 1037. An entity's failure to provide a reasonable accommodation "must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Updike v. Multnomah Cnty.*, 870 F.3d 939, 950–51 (9th Cir. 2017); *Duvall v. County of Kitsap*, 260 F.3d, 1124, 1138–39 (9th Cir. 2001). Officers may fail to accommodate an individual's disability where they "had the time and the opportunity to assess the situation and potentially employ the accommodations identified by the [plaintiffs], including de-escalation, communication, or specialized help." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1037 (9th Cir. 2018). Here, because Plaintiffs have pled no facts to support this element, Plaintiffs' fourth claim fails and must be dismissed.

**B. Plaintiffs' Fifth Claim for Battery Fails as a Matter of Law.**

In the Opposition, Plaintiffs contend their conclusory allegations that Decedent did not pose an immediate threat of death or bodily injury, that there were less lethal methods available, that Decedent was experiencing a mental health crisis, and that Responding Deputies did not warn Decedent prior to using force are sufficient to state a claim for battery. (Opposition, 8:26-9:8.) As discussed in the Motion, Plaintiffs do not plead *facts* which support their conclusions. (Motion, 9:12-27.) Rather, Plaintiffs merely provide "labels and conclusions, and a formulaic recitation of the elements of" a battery claim; this is insufficient to state a claim against the County. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

{02058549.DOCX}

3
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

A state law battery claim is a counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the peace officer's use of force was unreasonable. *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009). Use of deadly force is reasonable when an officer has probable cause to believe that the individual poses a significant threat of serious physical injury or death to the officer or others. *See Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021). Deadly force is permissible "if the suspect threatens the officer with a weapon." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Courts may consider how quickly the officer used deadly force after encountering the decedent. *See A. K. H v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016). Courts also consider whether it was feasible to warn the suspect. *Garner*, 471 U.S. at 11-12. A court may also consider whether the suspect exhibits signs of mental illness. *See Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene . . ." *Graham*, 490 U.S. at 396.

Plaintiffs plead no facts demonstrating why less lethal options were available and feasible, especially where Plaintiffs imply Decedent was armed with an unspecified object. (ECF No. 1 Complaint, ¶ 40; *see also Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (on motion to dismiss, court considers non-conclusory factual content pled in complaint, as well as "reasonable inferences from that content"). Plaintiffs' fifth claim against the County thus fails and must be dismissed.

**C. Plaintiffs' Sixth Claim for Negligence Fails as a Matter of Law.**

In the Opposition, Plaintiffs contend their nine boilerplate allegations that the County failed to, e.g., properly train deputies regarding excessive force and "ensure that adequate numbers of employees with appropriate education and training . . . were available to meet the needs of and protect the rights of Decedent" are sufficient to support their negligence claim. (Opposition, 11:4-13.) As discussed in the Motion, these allegations are conclusory and none of the facts pled support, e.g., the alleged training failure. (Motion, 9:22-23.)

The basic elements of a negligence claim are: (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). "[O]fficers have a duty to act reasonably when using deadly force.'" *Id*., citation omitted. "[T]he

*{02058549.DOCX}*

4

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Tabares v. City of Huntington Beach,* 988 F.3d 1119, 1125, citation omitted. Officers may be liable "if the tactical conduct and decisions leading up to the use of deadly force show, as part of the totality of circumstances, that the use of deadly force was unreasonable." *Id.*, citation omitted. Under California law, the officer's pre-shooting decisions may render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of shooting might be reasonable in isolation. *See, e.g., Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1082–83 (9th Cir. 2018).

Given that Plaintiffs fail to plead facts regarding the interaction between Decedent and Responding Deputies, such as the length of the interaction, Decedent's behavior, or the methods immediately available to Responding Deputies. Plaintiffs' sixth claim for negligence thus fails and must be dismissed.

**D. Plaintiffs' Seventh Claim for Violation of the Bane Act Fails as a Matter of Law.**

In the Opposition, Plaintiffs devote substantial attention to only one element of a Bane Act claim, i.e., that Responding Deputies allegedly violated Decedent's rights. (Opposition, 12:11-13:6.) As discussed in the Motion, the facts pled regarding the alleged underlying constitutional violations—Excessive Force, Failure to Summon Medical Care, Interference with Familial Relationship—are conclusory and unsupported by specific facts regarding the interaction between Decedent and Responding Deputies, which are necessary to evaluate whether the Responding Deputies violated Decedent's rights. (Motion, 11:6-11, 12:1-13:3, 13:18-14:21.) Plaintiffs do not at all address in their Opposition an essential element of a Bane Act claim: that the defendant acted with a ***specific intent*** to violate the decedent's rights. *Reese*, 888 F.3d at 1045.

To state a viable claim under California Civil Code section 52.1, a plaintiff must allege the defendant "interfere[d] by threat, intimidation, or coercion . . . with the exercise or enjoyment by [plaintiff] . . . of rights secured by the Constitution or laws of the United States, or . . . of this state." Cal. Civ. Code § 52.1. A plaintiff bringing a claim under the Bane Act relating to an excessive force claim must show that the officer "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018). In other words, a plaintiff must show that a defendant had the specific intent to violate the plaintiff's constitutional rights.

{02058549.DOCX}

5
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT

This element may be satisfied if an officer shows "reckless disregard of the right at issue." *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 804 (2017), citation omitted.

As discussed in the Motion, the facts pled are insufficient to suggest that Responding Deputies "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Id*.; Motion, 11:12-26. Further, Plaintiffs plead no facts suggesting Responding Deputies prevented Plaintiff from obtaining medical care in reckless disregard of Decedent's rights. (Motion, 12:4-16.) Plaintiffs' Bane Act claim thus fails with respect to the alleged constitutional violations.

### III.   CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court grant this Motion and issue an order dismissing Plaintiffs' Fourth, Fifth, Sixth, and Seventh Claims against the County. Further, given that Plaintiffs have not demonstrated what facts they would allege to survive another challenge if afforded an opportunity to amend the Complaint, the dismissal should be without leave to amend.

Dated:   September 23, 2024                PORTER SCOTT
                                           A PROFESSIONAL CORPORATION


                                           By:   /s/ *Alison J. Southard*
                                                 William E. Camy
                                                 Alison J. Southard
                                                 Attorneys for Defendant

{02058549.DOCX}

6
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION TO DIMSISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S COMPLAINT