# EXHIBIT A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Shannon J. Leap, Esq. (SBN 339574)
sleap@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA DEEL and MICHAEL DEEL, individually and as successors-in-interest to TYLER DEEL, deceased;<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>COUNTY OF FRESNO; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-00885-KES-EPG<br><br>[*Honorable Kirk E. Sherriff*]<br>Magistrate Judge Erica P. Grosjean<br><br>**JOINT SCHEDULING REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 26(f)**<br><br>**Action Filed**<br>August 1, 2024<br>**Scheduling Conference**<br>Nov. 5, 2024 @ 10:00 a.m., Ctrm. 6<br>**(Proposed) Trial Date:**<br>March 31, 2024<br><br>*Telephonic Appearance Requested |

i
JOINT SCHEDULING REPORT

**JOINT SCHEDULING REPORT**

The parties hereby submit their Joint Scheduling Conference Report pursuant to the Court's Order Setting Mandatory Scheduling Conference dated August 1, 2024, as well as Federal Rule of Civil Procedure 26(f), following the Parties' early meeting of counsel, which took place by videoconference on September 30, 2024.

Plaintiffs AMALIA DEEL and MICHAEL DEEL will appear through one or more of their counsel of record, Dale K. Galipo and Shannon J. Leap of Law Offices of Dale K. Galipo. Plaintiffs' Counsel requests to appear at the Scheduling Conference remotely, by teleconference or videoconference.

Defendant County of Fresno will appear through one or more of its counsel of record, William Camy and/or Alison Southard. Defense counsel requests to appear at the Scheduling Conference remotely, by teleconference or video conference.

**1. FACTUAL AND LEGAL SUMMARY**

**Plaintiffs' Factual and Legal Contentions**:

This civil rights and state tort action arises out of the fatal deputy-involved shooting of Decedent, Tyler Deel, by Fresno County Sheriff's Department Deputies ("Deputy Defendants") on June 30, 2023 at a Valero Gas Station located at or near 525 S. Clovis Avenue, Fresno, California, 93737. Plaintiffs contend that, on information and belief, the Deputy Defendants knew or should have known that Decedent was experiencing a mental health or medical crisis. Upon contacting Decedent at the gas station, the Deputy Defendants used lethal force against Decedent, striking and killing him. On information and belief, the Deputy Defendants failed to provide a warning to Decedent that they were going to use lethal force against him prior to doing so, and despite it being feasible to give a warning. At all relevant times, Decedent did not pose an immediate threat of death or serious bodily injury to the deputies or any other person, making the deputies' use of deadly force against him unreasonable and excessive. Additionally, the deputies

had less than lethal alternatives available to subdue Decedent and take him into custody safely, however, the deputies failed to use, let alone, exhaust these alternatives. Defendant deputies also failed to timely provide medical care to Decedent on the date of the incident. The Defendant County is also liable for failing to establish appropriate training and protocols, and/or failing to train its deputies in the in handling of mental health and/or medical crises in accordance with the Americans with Disabilities Act.

Plaintiffs raise the following claims in their Complaint for Damages (Dkt. No. 1): (1) Violation of the Fourth Amendment – Excessive Force (42 U.S.C. § 1983); (2) Violation of the Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983); (3) Violation of the Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983); (4) Violation of the Americans with Disabilities Act (42 U.S.C. § 12132); (5) Battery (Survival and Wrongful Death); (6) Negligence (Survival and Wrongful Death); (7) Violation of the Bane Act (Cal. Civil Code § 52.1).

**Defendants' Factual and Legal Contentions**: On June 30, 2023, Fresno County Sheriff's Office Deputy Kyle Martinez responded to a call at 5650 E. Waverly Lane ("Residence") in Fresno County, which on information and belief was the residence of Plaintiff Amalia Deel. The call concerned an alleged assault with a deadly weapon (a knife) by Decedent Tyler Deel ("Decedent") on one or more family member(s). Decedent was no longer at the Residence when Deputy Martinez arrived.

That same day, there was a dispatch call generated which provided a description of Decedent and indicated that he was armed with a knife. Deputy J. North located Decedent. Decedent was holding a large object in his hand. Decedent aggressively charged toward Deputy North. Deputy North reasonably believed Decedent posed a threat of death and/or serious bodily injury to himself and/or others. Deputy North shot Decedent, which was a reasonable use of force in response to this

threat. Deputy North and/or other Fresno County Sheriff's Office deputies promptly began administering medical aid to Decedent.

The County contends that any alleged force used on Decedent was reasonable, and that its employees and/or agents promptly provided medical care to Decedent. Further, those employees and/or agents are entitled to qualified immunity.

## 2. MAJOR DISPUTED FACTS AND CONTENTIONS OF LAW

**A. Plaintiffs' Position**:

Plaintiffs contend that Defendant County's employees, including the Defendant Deputies, were acting under the color of state law and in the course and scope of their employment when they used lethal force against Decedent, who did not pose an immediate threat of death or serious bodily injury to any person, including the Deputies at the time the Deputies used lethal force against him. Plaintiffs contend that such use of force was unreasonable and excessive, in violation of the Defendant Deputies' training and standard police officer training, and in violation of Plaintiffs' rights under federal and state law. Plaintiffs contend that there were other reasonable, less than lethal alternatives to use of a deadly weapon; that it was feasible to issue a warning that deadly force would be used; that the involved deputies were negligent in their tactics. Plaintiffs contend that Defendant Deputies failed to provide timely medical care to Decedent on the date of the incident. Plaintiffs further contend that Defendant County failed to train its deputies to act in accordance with the Americans with Disabilities Act, including to provide services, accommodations, and/or benefits to qualified individuals with a disability, such as Decedent.

**B.    Defendant's Position**: The County contends that all of the County's employees and/or agents acted reasonably at all times during the events alleged in the FAC, and that they did not violate any of Plaintiffs' or Decedent's rights or acted with a specific intent to violate those rights. Further, the County's employees and/or agents

are entitled to qualified immunity. Further, none of the County's employees and/or agents violated the Americans with Disabilities Act during the events alleged in the Complaint.

### 3. STATUS OF MATTERS PRESENT BEFORE THE COURT

Defendant's Motion to Dismiss Plaintiffs' claims (Dkt. No. 9) is pending before this Court. The hearing was vacated and the matter was taken under submission, per Dkt. Entry No. 10.

### 4. DISCOVERY PLAN

a. **Initial Disclosures:** The Parties exchanged initial disclosures on October 14, 2024, pursuant to Rule 26(a)(1)(C).

b. **Proposed Non-Expert Discovery Cut Off Date:** September 26, 2025.

c. **Mid-Status Discovery Conference:** May 9, 2025.

d. **Expert Discovery**

  i. **Initial Expert Disclosure Deadline:**
   i. **Plaintiffs' Position:** October 3, 2025
   ii. **Defendant's Position**: October 27, 2025

  ii. **Rebuttal Expert Disclosure Deadline:**
   i. **Plaintiffs' Position**: October 31, 2025
   ii. **Defendant's Position**: November 26, 2025

  iii. **Expert Discovery Cutoff:** December 30, 2025

e. **Any changes in limits on discovery:** None at this time.

f. **Protective Order:** The Parties will submit a stipulated Protective Order.

g. **Anticipated issues or Proposals relating to Discovery:** There are no anticipated issues related to Discovery at this time.

h. **Anticipated Need to take Discovery outside of the United States**: None.

5. **Discovery Related to Electronically Stored Information:** The Parties do not anticipate any issues related to the Discovery of Electronically Stored Information (ESI).

6. **Electronic Discovery:** Both parties have read and agreed to comply with the Court's rules relating to electronic, digital, and/or magnetic data discovery. The parties have met and conferred regarding the issue of electronic discovery and did not find it to be an issue in the current case.

7. **Dates for Filing Dispositive Motions**

    i. **Plaintiffs' Position:** As reflected below, Plaintiffs request that the non-moving party have fourteen (14) days to file their opposition to the dispositive motion, and do not oppose the moving party having fourteen 14 days to file their reply.

        i. **Filing Deadline:** January 12, 2026.
        ii. **Opposition Deadline:** January 26, 2026
        iii. **Reply Deadline:** February 9, 2026

    b. **Defendant's Position:**

        i. **Filing Deadline:** February 13, 2026.
        ii. **Hearing on Dispositive Motions:** Friday March 20, 2026, at 10:00 a.m.

    c. **Pre-trial conference date** – *to be set by the Court.*

8. **Status of Settlement Discussions**

    a. **Plaintiffs' Position:** The Parties have not engaged yet in any settlement discussions yet, but will begin settlement discussions after a period of discovery.

     **b. Defendant's Position:** Settlement discussions are premature at this time. The parties will be in a better position to discuss settlement after sufficient discovery has been completed and/or a ruling on any Motion for Summary Judgment and/or Partial Summary Judgment.

9. **Jury Trial**

     **a.** The Parties request a trial by jury. The Parties estimate 5-7 days for the trial.

     **b.** Proposed Trial Date:

          **i. Plaintiffs' Position**: March 31, 2026.

          **ii. Defendant's Position**: June 26, 2026

10. **Bifurcation**

     **a. Plaintiffs' Position**: Plaintiffs request that the trial be conducted in a single phase.

     **b. Defendant's Position**: After sufficient discovery has taken place, Defendant may request that trial be bifurcated into multiple phases, such as liability and damages.

11. **Related Cases**

     **a.** This case is not related to any other matter pending in this Court or any other court.

12. **Other Issues: Anticipated Amendments to the Pleadings.**

Plaintiffs anticipate filing either a motion to amend or a stipulation to amend current claims, add additional claims, and name additional currently unidentified deputies once such identities and factual information become available through discovery. Plaintiffs are hopeful that such amendment may be accomplished through stipulation.

     **Defendant's Position**: It is possible the operative complaint will be amended as a result of the Court's ruling on the pending Motion to Dismiss. Pursuant to

F.R.C.P. Rule 15(a)(2), Plaintiffs may not otherwise amend the complaint without leave of court or the written consent of Defendant, upon a showing of good cause.

DATED: October 29, 2024        LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
Shannon J. Leap
*Attorney for Plaintiffs*

DATED: October 29, 2024        PORTER SCOTT

*/s/ Alison J. Southard* (as authorized on 10/29/2024)
William E. Camy
Alison J. Southard
*Attorneys for Defendants*