# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMALIA DEEL ET AL**, | CASE NO. 1:24-cv-00885-KES-EPG |
| | **SCHEDULING CONFERENCE ORDER** |
| Plaintiff(s), | Initial Disclosures: 10/14/2024 |
| | Nonexpert Discovery Cutoff: 9/26/2025 |
| v. | Expert Disclosure: 10/27/2025 |
| **COUNTY OF FRESNO**, | Rebuttal Expert Disclosure: 11/26/2025 |
| | Expert Discovery Cutoff: 1/16/2026 |
| Defendant(s). | Dispositive Motion Filing Deadline: 2/13/2026 |
| | Settlement Conf.: Date: Not Set |
| | Mid-Discovery Conf: Date: 5/7/2025 Time: 10:00 a.m. Dept: 10 |
| | Pretrial Conf.: Date: 7/6/2026 Time: 1:30 p.m. Dept: 6 |
| | Jury Trial: Date: 9/1/2026 Time: 9:00 a.m. Dept: 6 |

1

This Court conducted a scheduling conference on **November 5, 2024**. Counsel **Shannon Leap** appeared telephonically on behalf of Plaintiff(s). Counsel **Alison Southard** appeared telephonically on behalf of Defendant(s). Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

I. **Amendment To The Parties' Pleadings**

The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule. Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992). Moreover, any request for amendment under Fed. R. Civ. P. 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

II. **Fed. R. Civ. P. 26(a)(1)**

Initial disclosures were completed by October 14, 2024.

III. **Discovery Cutoffs And Limits**

All non-expert discovery shall be completed no later than **September 26, 2025**. Initial expert witness disclosures shall be served no later than **October 27, 2025**. Such disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall include all information required thereunder**. Rebuttal expert witness disclosures shall be served no later than **November 26, 2025**. Such disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall include all information required thereunder**. In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) specifically apply to discovery relating to expert witnesses and their opinions. Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures. Failure to comply with these requirements will result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

An expert discovery shall be completed no later than **January 16, 2026**. The parties are advised that motions to compel must be filed in advance of the discovery deadlines so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery

dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

A Mid-Discovery Status Conference is set for **May 7, 2025, at 10:00 a.m.,** in Courtroom 10, before Magistrate Judge Erica P. Grosjean.  At least seven (7) days before the conference, the parties are directed to file a joint report, of up to five (5) pages, outlining the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction.  The parties are permitted to appear telephonically. To do so, the parties shall (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for a participant ID, and (4) enter *6 to unmute. If one or more parties wish to appear in person, they shall email Courtroom Deputy Felicia Navarro at fnavarro@caed.uscourts.gov **at least 24 hours before the conference** so that a notation can be placed on the Court's calendar.

**IV.     Pretrial Motion Schedule**

   ***A.     General Information Regarding Filing Motions***

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[1] *all* moving and opposition briefs or legal memoranda, including joint statements of discovery disputes, filed in civil cases before Magistrate Judge Grosjean, shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limits do not include exhibits.  Courtesy copies for any filing in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the filing is electronically filed.  The party submitting the courtesy copy shall ensure that the docket identification number is listed on the copy.  When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Counsel or *pro se* parties may appear and argue motions by telephone, provided a request to so do is made to Courtroom Deputy Felicia Navarro (unless prior permission has been given by the judge), no later than five (5) court days before the noticed hearing date.  Requests can be made by emailing Courtroom Deputy Felicia Navarro at fnavarro@caed.uscourts.gov.  If the parties are

---

[1] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

appearing telephonically, each party shall (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for a participant ID, and (4) enter *6 to unmute.

### 1. Informal Discovery Conference

In order to file a motion involving a discovery dispute, *see* Fed. R. Civ. P. 26 through 37 and 45,[2] a party must receive permission from the Court following an informal telephonic discovery dispute conference. However, non-parties challenging a subpoena under Fed. R. Civ. P. 45 are not required to request an informal conference before filing a motion. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.

Prior to the conference, the parties shall simultaneously file an <u>Informal Discovery Dispute Letter Brief</u>, outlining their positions regarding the dispute. Such briefs shall be no longer than three pages single-spaced, and may include up to five pages of exhibits. The Court will provide the date and time the Letter Briefs are due at the time the conference is scheduled.

At the time of conference, the parties shall (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for a participant ID, and (4) enter *6 to unmute. The Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### 2. Filing a Discovery Motion

If a discovery motion, *see* Fed. R. Civ. P. 26 through 37 and 45, is brought after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[3] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

---

[2] The Court construes "discovery dispute" broadly, which includes, but is not limited to, disputes regarding written discovery, oral depositions, physical and mental examinations, and protective orders.
[3] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

A Joint Statement not to exceed twenty-five (25) pages must be filed at least fourteen (14) days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

### B.     Dispositive Motions

All Dispositive Pre-Trial Motions shall be served and filed no later than **February 13, 2026,** and will be heard before the Honorable Kirk E. Sherriff, United State District Court Judge. In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

*Motions before the Honorable Kirk E. Sherriff, United State District Court Judge*

Prior to filing a motion before Honorable Kirk E. Sherriff, United State District Court Judge, in a case in which the parties are represented by counsel, counsel shall engage in a prefiling meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other nonsubstantive matters during the meet and confer process so that briefing on motions that proceed to hearing is directed only to those substantive issues requiring resolution by the Court. **A notice of motion shall contain a certification by counsel that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.**

### V.     Settlement Conference

Although one has not been set at this time, the parties may file a joint written request for a settlement conference if they believe that such a conference would be fruitful.

### VI.    Pretrial Conference

The pretrial conference is set for **July 6, 2026, at 1:30 p.m.** in Courtroom 6 before the Honorable Kirk E. Sherriff, United State District Court Judge. The parties are directed to file a **Joint Pretrial Statement that complies with the requirements of this Court's Local Rule 281(a)(2)**, except that the parties' Joint Pretrial Statement must be filed fourteen (14) days before the date set for the Final Pretrial Conference and must also be emailed as a Word document to kesorders@caed.uscourts.gov. **Separate pretrial statements are not permitted unless a party**

**is not represented by counsel.**

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. The parties are further directed to the standing order of the Honorable Kirk E. Sherriff, United State District Court Judge, which contains requirements regarding Joint Pretrial Statements.

**VII.    Trial Date**

The trial is set for **September 1, 2026, at 9:00 a.m.** in **Courtroom 6** before the Honorable Kirk E. Sherriff, United State District Court Judge.

    A.    This is a **JURY** trial.

    B.    Counsels' Estimate of Trial Time: **5-7** days.

    C.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**VIII.    Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

**Not requested**.

**IX.    Related Matters Pending**

**There is no related litigation**.

**X.    Compliance with Federal Procedures**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

**XI.    Effect Of This Order**

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.*** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated:   **November 5, 2024**                    /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE