UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA DEEL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF FRESNO,<br><br>    Defendant. | Case No. 1:24-cv-00885-KES-EPG<br><br>ORDER DENYING, WITHOUT PREJUDICE, PROPOSED PROTECTIVE ORDER<br><br>(ECF No. 22) |

       This matter is before the Court on the parties' stipulation for the Court to approve their proposed protective order. (ECF No. 22). Upon review, the Court will deny the parties' request without prejudice because it does not comply with the Court's Local Rules and the Court's established practices.

       Among other things, the proposed protective order fails to address Local Rule 141.1(c), which sets out various requirements for a protective order. For example, the parties define "confidential information or items" to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (ECF No. 22, p. 2) (minor alterations). But this definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141.1(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the

nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Here, the parties cite Local Rules that do not exist (*i.e.*, Civil Local Rule 7 and 79-5) and agree to follow a procedure for judicial intervention in their confidentiality disputes that does not comply with the Court's standard practices. (ECF No. 22, p. 6). Thus, to the extent that the proposed protective order conflicts with the Court's established practices or Rules, *e.g.*, such as allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 20, pp. 4-5).

Accordingly, IT IS ORDERED that the parties' stipulation for the Court to approve their proposed protective order (ECF No. 22) is denied without prejudice. If the parties file a future stipulation, they shall ensure that it complies with all of the Court's Local Rules and established practices.

IT IS SO ORDERED.

Dated: __December 11, 2024__                /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE