**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela, Esq. (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA DEEL and MICHAEL DEEL, individually and as successors-in-interest to TYLER DEEL, deceased;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF FRESNO; JEROD NORTH; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:24-cv-00885-KES-EPG<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)<br>4. Americans With Disabilities Act (42 U.S.C. § 12132)<br>5. Battery (Survival and Wrongful Death)<br>6. Negligence (Survival and Wrongful Death)<br>7. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Come now Plaintiffs AMALIA DEEL and MICHAEL DEEL individually and as successors-in-interest to TYLER DEEL, Deceased; for their Complaint against Defendants FRESNO COUNTY, JEROD NORTH, and DOES 1-10, inclusive, allege as follows:

## JURISDICTION AND VENUE

1. This complaint seeks damages and attorney's fees pursuant to Title 42 U.S.C. sections 1983 and 1988, for the violation of plaintiffs' civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343. This court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. section 1367.

2. All of the conduct described herein occurred within the County of Fresno, California. Venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

## INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal Fresno County Sheriffs' Department deputy-involved shooting of Tyler Deel on June 30, 2023.

## PARTIES

4. At all relevant times, Decedent TYLER DEEL ("DECEDENT") was an individual residing in the County of Fresno, California.

5. Plaintiff AMALIA DEEL is an individual residing in the City of Fresno, County of Fresno, California. AMALIA DEEL is the mother of DECEDENT and sues in her individual capacity and as successor-in-interest to DECEDENT. AMALIA DEEL seeks survival damages, wrongful death damages, compensatory damages and punitive damages under federal and state law.

-1-
FIRST AMENDED COMPLAINT FOR DAMAGES

6. Plaintiff MICHAEL DEEL is an individual residing in the City of Fresno, in the County of Fresno, California. MICHAEL DEEL is the father of DECEDENT and sues in his individual capacity and as successor-in-interest to DECEDENT. MICHAEL DEEL seeks survival damages, wrongful death damages, compensatory damages, and punitive damages under federal and state law.

7. At all relevant times, Defendant COUNTY OF FRESNO ("COUNTY") is and was a duly organized public entity existing under the laws of the State of California. COUNTY is and was responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the FRESNO COUNTY SHERIFF'S DEPARTMENT ("FCSD") and its agents and employees. At all relevant times, Defendant COUNTY is and was responsible for the management and overseeing of the FCSD, for the actions or inactions of the Defendants DOES 1-10, and for the policies, practices, and/or customs relating to the FCSD and its officers. At all relevant times, COUNTY was the employer of Defendants DOES 1-10.

8. At all relevant times, Defendants JEROD NORTH and DOES 1-7, inclusive (collectively "DEPUTY DEFENDANTS") were duly appointed by COUNTY as FCSD officers and employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials. Defendant JEROD NORTH and DOES 1-7 acted under color of law within the course and scope of their duties as officers for the FCSD. At all relevant times, Defendant JEROD NORTH and DOES 1-7 were acting within the complete authority and ratification of their principal, Defendant COUNTY.

9. At all relevant times, Defendants DOES 8-10 are managerial, supervisorial, and policymaking employees of the COUNTY, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the FCSD and the COUNTY.

-2-
FIRST AMENDED COMPLAINT FOR DAMAGES

DOES 8-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants JEROD NORTH and DOES 1-10 were acting on the implied and actual permission and consent of Defendant COUNTY.

11. On information and belief, Defendants JEROD NORTH and DOES 1-10 are residents of the County of FRESNO.

12. Defendants JEROD NORTH and DOES 1-10 are sued in their individual capacities.

13. The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of the Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

15. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

16. On December 28, 2023 Plaintiffs filed comprehensive and timely claims for damages with the COUNTY pursuant to the applicable sections of the

California Government Code. Said claims were rejected by COUNTY on February 20, 2024.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

18. This incident occurred on June 30, 2023. On that date, DECEDENT was experiencing emotional distress or a mental health crisis, potentially in part due to a medical condition. At that time, DECEDENT lived with his family, including PLAINTIFFS, at their home in Fresno, California.

19. On the afternoon of the incident, DECEDENT left the family home.

20. At approximately 4:00 p.m. on June 30, 2023, deputies employed by the Fresno County Sheriff's Department located DECEDENT at a Valero gas station, at or near 525 S. Clovis Avenue, Fresno, California, 93737.

21. On information and belief, the DEPUTY DEFENDANTS, including Defendant JEROD NORTH, knew or should have known that DECEDENT was experiencing a mental health or medical emergency when they responded to the gas station.

22. Defendant JEROD NORTH approached DECEDENT and used lethal force against him. At all relevant times, DECEDENT did not pose an immediate threat of death or serious bodily injury to any person, including the deputies. Defendant JEROD NORTH'S use of deadly force was therefore excessive and unreasonable.

23. On information and belief, the DEPUTY DEFENDANTS, including Defendant JEROD NORTH failed to give a warning to DECEDENT that they were going to use deadly force prior to using deadly force, despite it being feasible to do so.

24. Even though DEPUTY DEFENDANTS, including Defendant JEROD NORTH were not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody, DEPUTY DEFENDANTS, including Defendant JEROD NORTH did not use, let alone exhaust these alternatives.

25. Despite DECEDENT showing obvious signs of mental distress, on information and belief, no mental health workers or medical professionals responded to the scene prior to the use of deadly force, and DEPUTY DEFENDANTS, including Defendant JEROD NORTH did not wait until a mental health or medical team could arrive to the scene.

26. On information and belief, despite having knowledge that DECEDENT was seriously injured by Defendant JEROD NORTH'S use of deadly force, DEPUTY DEFENDANTS failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

27. DECEDENT sustained gunshot wounds to his body. DECEDENT died as a result of those injuries.

28. Plaintiff AMALIA DEEL is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the mother of DECEDENT.

29. Plaintiff MICHAEL DEEL is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the father of DECEDENT.

///

///

///

## FIRST CLAIM FOR RELIEF
### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)
(All Plaintiffs against Defendant JEROD NORTH and DOES 1-7, inclusive "DEPUTY DEFENDANTS")

30. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

31. On the afternoon of June 30, 2023, DECEDENT left his family home in Fresno, California, to a gas station, about a half of a mile away.

32. At approximately 4:00 p.m. on June 30, 2023, deputies employed by the Fresno County Sheriff's Department located DECEDENT at a Valero gas station, at or near 525 S. Clovis Avenue, Fresno, California, 93737.

33. The responding DEPUTY DEFENDANTS approached DECEDENT and Defendant JEROD NORTH used lethal force against him. At all relevant times, DECEDENT did not pose an immediate threat of death or serious bodily injury to any person, including the deputies. The Defendant JEROD NORTH'S use of deadly force was therefore excessive and unreasonable.

34. On information and belief, the DEPUTY DEFENDANTS failed to give a warning to DECEDENT that they were going to use deadly force prior to using deadly force, despite it being feasible to do so.

35. Even though DEPUTY DEFENDANTS were not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody, on information and belief, DEPUTY DEFENDANTS did not use, let alone exhaust these alternatives.

36. Despite DECEDENT showing obvious signs of mental distress and/or being in need of medical care, and despite the DEPUTY DEFENDANTS, on information and belief, having information that DECEDENT could have been experiencing a medial and/or mental health crisis, no mental health workers or

medical professionals responded to the scene prior to the use of deadly force, and DEFENDANT DEPUTIES did not wait until a mental health or medical team could arrive to the scene before they used deadly force.

37. DECEDENT sustained gunshot wounds to his body. DECEDENT died as a result of those injuries.

38. While acting under color of state law and in the course and scope of his duties as a law enforcement officer for the FCSD, Defendant JEROD NORTH fired multiple shots at DECEDENT, striking and injuring DECEDENT and ultimately killing him. Defendant JEROD NORTH'S unjustified use of deadly force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39. At all relevant times, including during all of the shots, DECEDENT was not armed with a gun at any point during the incident and posed no immediate threat of death or serious bodily injury to the officers or anyone else around him. Therefore, the shooting was excessive and unreasonable. There were less than lethal alternatives to detain or take DECEDENT into custody.

40. As a result of the foregoing, DECEDENT suffered great pain up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

41. The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages.

42. As a result of their misconduct, DEPUTY DEFENDANTS are liable for DECEDENT's injuries and death.

43. Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and

loss of enjoyment of life, for the violation of DECEDENT's rights.  Plaintiffs also seeks attorney's fees under this claim.

### SECOND CLAIM FOR RELIEF
### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)
(All Plaintiffs against JEROD NORTH and DOES 1-7, inclusive "DEPUTY DEFENDANTS")

44. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

45. On information and belief, DEPUTY DEFENDANTS knew or should have known that DECEDENT may have been experiencing a medical and/or mental health crisis.

46. Instead of responding to this call as a mental health or medical emergency, DEPUTY DEFENDANTS responded to the call with force and their conduct and tactics only escalated the situation.

47. Despite having information that DECEDENT may have been in need of mental health and/or medical care, the DEPUTY DEFENDANTS failed to provide any medical care, instead using unreasonable and excessive lethal force against DECEDENT.

48. Furthermore, after the DEPUTY DEFENDANTS shot DECEDENT multiple times, DECEDENT was immobile on the ground, alive, bleeding profusely, and was in obvious and critical need of medical care and treatment.

49. On information and belief, DEPUTY DEFENDANTS failed to provide needed medical care to DECEDENT prior to and after the shooting, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and/or refused to permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident.

50. The denial of medical care by DEPUTY DEFENDANTS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51. As a result of the foregoing, DECEDENT suffered great pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

52. DEPUTY DEFENDANTS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

53. The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

54. As a result of their misconduct, DEPUTY DEFENDANTS are liable for DECEDENT'S injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

55. Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT'S rights. Plaintiffs also seek attorney's fees under this claim.

///
///
///
///
///

### THIRD CLAIM FOR RELIEF
**Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)**
(All Plaintiffs against Defendant JEROD NORTH, DOES 1-7, inclusive "DEPUTY DEFENDANTS")

56. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

57. DEPUTY DEFENDANTS acted under color of state law and within their course and scope of their employment at all relevant times.

58. Plaintiffs AMALIA DEEL and MICHAEL DEEL had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with their son, DECEDENT.

59. The aforementioned actions of DEPUTY DEFENDANTS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs AMALIA DEEL and MICHAEL DEEL, including by using excessive and unreasonable deadly force against DECEDENT and by denying him medical care, all of which caused injuries that resulted in DECEDENT's death, and with purpose to harm unrelated to any legitimate law enforcement objective. DEPUTY DEFENDANTS are liable to Plaintiffs for the interference with their familial relationship.

60. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. DEPUTY DEFENDANTS thus violated the substantive due process rights of Plaintiffs AMALIA DEEL and MICHAEL DEEL to be free from unwarranted interference with their familial relationship with DECEDENT.

61. As a direct and proximate cause of the acts of DEPUTY DEFENDANTS, Plaintiffs AMALIA DEEL and MICHAEL DEEL suffered emotional distress, mental anguish, and pain. Plaintiffs AMALIA DEEL and MICHAEL DEEL have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

62. The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs AMALIA DEEL and MICHAEL DEEL and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

63. Plaintiffs AMALIA DEEL and MICHAEL DEEL bring this claim individually for the interference with their relationship with their son, DECEDENT, and seek wrongful death damages for the violation of Plaintiffs AMALIA DEEL and MICHAEL DEEL's rights. Plaintiffs also seek attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**
**Americans With Disabilities Act (42 U.S.C. § 12132)**
(All Plaintiffs Against All Defendants)

64. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

65. DECEDENT was a "qualified individual," with Huntington's Disease and Type 1 Diabetes, which substantially limited his ability to care for himself and control his physical and mental health condition as defined under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132(2).

66. The COUNTY is a covered entity for purposes of enforcement of the ADA, 42 U.S.C. § 12132(2), as explained by the regulations under these laws.

67. Under the ADA, the COUNTY is mandated to develop effective procedures for interactions with individuals with Huntington's Disease and Type 1 Diabetes and to ensure the protection of their personal and civil rights.

68. Congress enacted the ADA with the finding that individuals with disabilities have been isolated and segregated, constituting a form of discrimination that is a pervasive social problem. 42 U.S.C. § 12101 (a)(2).

69. The COUNTY is mandated under the ADA not to discriminate against any qualified individual on the basis of disability in any services or facilities. 42 U.S.C. § 12182(a).

70. The COUNTY and DOES 1-10 violated the ADA by: (1) failing to properly train its deputies to respond to and interact peacefully with individuals with mental and physical impairments, including Huntington's Disease and Type 1 Diabetes, such as DECEDENT; and (2) failing to follow procedures for de-escalation and non-lethal force interations with DECEDENT, who was experiencing a medical and/or mental health crisis.

71. As a result of the acts and omissions of the Defendants, DECEDENT suffered damages, including loss of life and pain and suffering.

72. Plaintiff brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages. Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

### FIFTH CLAIM FOR RELIEF
**Battery**
(By Plaintiffs against all Defendants)

73. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

74. DEPUTY DEFENDANTS, including Defendant JEROD NORTH, while working as law enforcement officers for the FCSD, and acting within the

course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him. As a result of the actions of DEPUTY DEFENDANTS, including Defendant JEROD NORTH, DECEDENT ultimately died from his injuries. DEPUTY DEFENDANTS, including Defendant JEROD NORTH had no legal justification for using force against DECEDENT, and their use of deadly force while carrying out their duties as sheriff's deputies was an unreasonable and non-privileged use of deadly force.

75. As a direct and proximate result of the conduct of DEPUTY DEFENDANTS as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs AMALIA DEEL and MICHAEL DEEL suffered emotional distress and mental anguish. Plaintiffs AMALIA DEEL and MICHAEL DEEL also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

76. COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

77. The conduct of DEPUTY DEFENDANTS was malicious, wanton, oppressive, and/or accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs, as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to DEPUTY DEFENDANTS.

78. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT. Plaintiffs seek survival damages, including pain and suffering, and wrongful death damages under this claim.

### SIXTH CLAIM FOR RELIEF
**Negligence**
(Plaintiffs against all Defendants)

79. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

80. Law enforcement officers, including DEPUTY DEFENDANTS have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

81. DEPUTY DEFENDANTS breached this duty of care. Upon information and belief, the actions and inactions of DEPUTY DEFENDANTS were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to use deadly force against DECEDENT;

    (b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    (c) the negligent use of deadly force against DECEDENT, who was experiencing a physical health and/or mental health crisis/ distress;

    (d) the failure to provide prompt medical care to DECEDENT;

    (e) the failure to properly train and supervise DEPUTY DEFENDANTS with respect to the use of deadly force;

  (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

  (g) the negligent handling of evidence and witnesses;

  (h) the negligent communication of information during the incident; and

  (i) the failure to provide appropriate responses to obvious mental health crisis calls.

82. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT experienced pain and suffering ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs AMALIA DEEL and MICHAEL DEEL suffered emotional distress and mental anguish. Plaintiffs AMALIA DEEL and MICHAEL DEEL also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

83. COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

84. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT. Plaintiffs seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

///
///
///

### SEVENTH CLAIM FOR RELIEF
### Violation of Cal. Civil Code § 52.1
(By Plaintiffs against all Defendants)

85. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

86. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts against another person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.

87. On information and belief, DEPUTY DEFENDANTS, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT or acted in reckless disregard of DECEDENT's civil rights, including by fatally shooting him without justification or excuse, and by denying him necessary medical care, to prevent him from exercising his right or to retaliate against him for having exercised his rights.

88. When Defendant JEROD NORTH shot DECEDENT numerous times, and when DOES 1-10, either by integrally participating in the shooting or by failing to intervene, these officers deliberately subjected DECEDENT to excessive force that was beyond what was necessary and coercively interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

89. On information and belief, Defendants specifically intended to violate DECEDENT's constitutional rights as stated above, as demonstrated by DEPUTY DEFENDANTS' reckless disregard for DECEDENT's constitutional rights to be free from excessive force and denial of medical care, which he was fully entitled to

enjoy. Thus, Plaintiffs can recover for violation of the Bane Act as successors-in-interest to DECEDENT. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

90. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by DEPUTY DEFENDANTS, inclusive, were intended to coercively interfere with DECEDENT's civil rights, to discourage him from exercising the above civil rights or to prevent him from exercising such rights.

91. Defendants successfully interfered with the above civil rights of DECEDENT.

92. The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

93. Defendants DOES 8-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

94. COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS and Defendants DOES 8-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

95. The conduct of Defendants was malicious, wanton, oppressive, and/or accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to DEPUTY DEFENDANTS.

96. Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiffs also seek treble damages, attorney's fees, and costs under this claim.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs AMALIA DEEL and MICHAEL DEEL, individually and as successors-in-interest to TYLER DEEL, requests entry of judgment in their favor and against Defendants COUNTY OF FRESNO, JEROD NORTH, and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages including pre-death pain and suffering, loss of life, and loss of enjoyment of life; and wrongful death damages including loss of love, comfort, and society under federal and state law, in an amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For statutory damages;

E. For treble damages pursuant to California Civil Code Sections 52, 52.1;

F. For interest;

G. For reasonable attorneys' fees, including litigation expenses;

H. For costs of suit; and

I. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: January 22, 2025        LAW OFFICES OF DALE K. GALIPO

By [signature]

Dale K. Galipo
Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: January 22, 2025         LAW OFFICES OF DALE K. GALIPO

                                By _____
                                Dale K. Galipo
                                Attorneys for Plaintiffs