LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for *Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA DEEL, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF FRESNO, et al., ; and DOES 1-10,<br><br>Defendants. | Case No. 1:24-cv-00885-KES-EPG<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: April 7, 2025<br>Time: 1:30 p.m.<br>Courtroom: 6, 7TH Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights action arises from the fatal officer involved shooting of Tyler Deel ("Decedent") by members of the Fresno County Sheriff's Department ("FSD") on June 30, 2023.

Decedent was fatally shot by members of the FSD at or near the Valero Gas Station, in Fresno, California. Decedent, who had pre-existing mental health issues, was experiencing emotional distress or a mental health crisis, potentially in part due to his pre-existing medical condition.

Defendants now move to dismiss all the Plaintiffs' claims in the First Amended Complaint on the grounds that Plaintiffs' claims are not factually sufficiently pled.

Defendants' motion to dismiss should be denied in its entirety because Plaintiffs' First Amended Complaint is sufficiently pled with regards to their claims for relief. In the alternative, Plaintiffs seek leave of Court to amend the First Amended Complaint to cure any pleading deficiencies that the Court may find.

## II. LEGAL STANDARD

The Court may grant the motion only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). In the analysis, the court must accept well-pleaded factual allegations as true and construe the complaint in a

light most favorable to the plaintiff.  *Id*.; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Dismissal with leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Caray*, 353 F.3d 750, 758 (9th Cir. 2003).

### III. ANALYSIS

#### A. Plaintiffs' First Claim for Excessive Force is Sufficiently Pled

Defendants seek to dismiss Plaintiffs' First claim for Excessive Force on the grounds that "Plaintiffs plead insufficient facts" regarding the incident.  See Def.s' Motion [Doc. 31-1] at 5:6-23.  Plaintiffs' First Amended Complaint states that Decedent was experiencing emotional distress or a mental health crisis, that after leaving his home, FSD located the Decedent at the gas station, that they should have known he was experiencing a mental health emergency, that Defendant Jerod North, used lethal force against Decedent, without first giving a verbal warning that deadly force would be used, despite being feasible to do so and that Decedent did not pose an immediate threat of death or serious bodily injury to any person, including the deputies.  See Plaintiffs' First Amended Complaint ("FAC") [Doc.27] at 6:1-18. Plaintiffs' FAC also states that the involved FSD deputies had less than lethal alternatives available to subdue Decedent but did not use them and that Decedent died as a result of his gunshot wounds and that Decedent was never armed with a gun during the incident.  *Id.* at 6:1-18, 8:13-15.  Further, Plaintiffs allege that

Despite Decedent showing obvious signs of mental distress, no mental health workers or medical professionals responded to the scene prior to the use of deadly force, and the involved deputies did not wait until a mental health or medical team could arrive to the scene. *Id*. at 6:1-18.

Taking these allegations as true, Plaintiffs have sufficiently alleged a claim for excessive and unreasonable force. Here, the factual allegations contained in Plaintiffs' Complaint are sufficient to state a facially plausible claim for liability under the Fourth Amendment for unreasonable search and seizure, excessive force. Shooting a mental disturbed individual, who is not armed with a gun, and without first providing a warning, and when there are less then lethal alternatives which are not first used, is a short and plain statement of the claim showing that the pleader is entitled to relief since detailed factual allegations are not required, and these factual allegations state a plausible claim. See Fed. R. Civ. P. 8(a)(2); see also *Bell Atl. Corp*, 550 U.S. at 555; see also *Ashcroft*, 556 U.S. at 678. Importantly, Plaintiffs did not witness the shooting, and they are unaware of any video which captures the incident so Plaintiffs do not know how the Decedent was behaving when he encountered the FSD, what occurred during their interaction, or the length of the interaction. Plaintiffs do know that members of the FSD killed their loved one, after he left the house, without any kind of gun, with pre-existing mental health issues, and appeared to be having a mental health crises the day of the incident. Plaintiffs' allegations contained in the FAC are based on the available information and belief.

This argument also applies to Plaintiffs' Fifth Claim for Battery, their Sixth Claim for Negligence and their Seventh Claim for violation of the Bane Act. If the Court finds Plaintiffs' excessive force claim to be insufficiently pled, Plaintiffs seek leave of Court to amend and cure any deficiencies that the Court may find with the pleadings.

### B. Denial of Medical Care Claim is Sufficiently Pled

Defendants seek to dismiss Plaintiffs denial of medical care claim on the grounds that it is not factually sufficiently pled. Plaintiffs' FAC alleges that on information and belief, despite having knowledge that Decedent was seriously injured by Defendant Jeron North's use of deadly force, the Defendants failed to timely summon medical care or permit medical personnel to treat Decedent and that the delay of medical care to Decedent was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death. See FAC [Doc. 27] at 6:11-16. Plaintiffs' FAC also alleges that after shooting Decedent, Decedent was immobile on the ground, alive, bleeding profusely and was in obvious and critical need of medical care and treatment, and that the involved Defendants failed to timely summons the medical care Decedent needed. *Id*. at 9:19-27. Based on the factual allegations in the FAC, Defendants shot a mentally ill individual, with no gun, then after shooting him, did not timely summons medical attention for the individual they just shot, despite him being in obvious need of immediate medical attention. Assuming these facts to be true, and taking all reasonable inferences therefrom in Plaintiffs' favor, which is the standard for this motion, then Plaintiffs' have sufficiently pled a denial of medical care claim. If the Court finds Plaintiffs' excessive force claim to be insufficiently pled, Plaintiffs seek leave of Court to amend and cure any deficiencies that the Court may find with the pleadings.

### C. Plaintiffs' Fourteenth Amendment Claim is Sufficiently Pled

Assuming Plaintiffs' facts to be true, the Defendants shot an individual displaying obvious signs of mental illness, even though he did not have a gun, they never provided a verbal warning before using deadly force, even though was feasible to do so, in part because he was not armed with a gun and did not pose an immediate threat of death or serious bodily injury, and there were less lethal alternatives available which were not used first. Further, Despite Decedent showing

obvious signs of mental distress, no mental health workers or medical professionals responded to the scene prior to the use of deadly force, and the involved deputies did not wait until a mental health or medical team could arrive to the scene.  Assuming these facts to be true, including all reasonable inferences therefrom, a jury could find that the use of deadly force against Decedent shocks the conscience because the involved deputies were deliberately indifferent to the Decedent.

Taking these allegations as true, Plaintiffs have sufficiently alleged a claim for excessive and unreasonable force.  *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).  Plaintiffs' Fourteenth Amendment claim contains a short and plain statement of the claim showing that the Plaintiff is entitled to relief since detailed factual allegations are not required, and these factual allegations state a plausible claim.  See Fed. R. Civ. P. 8(a)(2); see also *Bell Atl. Corp*, 550 U.S. at 555; see also *Ashcroft*, 556 U.S. at 678.  If the Court finds Plaintiffs' excessive force claim to be insufficiently pled, Plaintiffs seek leave of Court to amend and cure any deficiencies that the Court may find with the pleadings.

### D.     Plaintiffs' ADA Claim is Sufficiently Pled

Plaintiffs' FAC alleges that Decedent was a qualified individual, with Huntington's Disease and Type 1 Diabetes, which substantially limited his ability to care for himself and control his physical and mental health condition.  FAC [Doc. 27] at 12:22-13:15.  Plaintiffs' FAC also alleges that FSD failed to properly train its deputies to respond to and interact peacefully with individuals with mental and physical impairments, including Huntington's Disease and Type 1 Diabetes, such as Decedent and failed to follow procedures for de-escalation and non-lethal force interactions with Decedent, who was experiencing a medical and/or mental health crisis.  Accordingly, Plaintiffs FAC contains a short and plain statement of the claim showing that the Plaintiff is entitled to relief since detailed factual allegations are not required, and these factual allegations state a plausible claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety, or in the alternative, Plaintiffs seek leave to amend the FAC to cure any deficiencies in the pleadings which the Court may find.

DATED: March 3, 2025         LAW OFFICES OF DALE K. GALIPO

                             By_____/s/ Eric Valenzuela_____
                                Eric Valenzuela
                                Attorneys for Plaintiffs