**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Alison J. Southard, SBN 335716
2180 Harvard Street, Suite 500
Sacramento, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706
wcamy@porterscott.com
asouthard@porterscott.com

Attorneys for Defendant COUNTY OF FRESNO AND JEROD NORTH

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA DEEL and MICHAEL DEEL, individually and as successors-in-interest to TYLER DEEL, deceased, | Case No.: 1:24-cv-00885-KES-EPG |
| Plaintiffs, | **DEFENDANTS COUNTY OF FRESNO AND JEROD NORTH'S REPLY TO MOTION TO DISMISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S FIRST AMENDED COMPLAINT** |
| vs. | |
| COUNTY OF FRESNO; JEROD NORTH; and DOES 1-10, inclusive, | **Date:       April 7, 2025** |
| Defendants. | **Time:       1:30** |
| | **Location:   Courtroom 6, 7th floor** |
| _____/ | Complaint filed 8/1/2024 |

*{02058549.DOCX}*

DEFENDANTS COUNTY OF FRESNO AND JEROD NORTH'S REPLY TO MOTION TO DISMISS PLAINTIFFS
AMALIA DEEL AND MICHAEL DEEL'S FIRST AMENDED COMPLAINT

## I.     INTRODUCTION

In the Opposition, Plaintiffs do not address the County's primary argument that, absent Plaintiffs alleging facts regarding the interaction between Decedent and Responding Deputies, the First Amended Complaint ("FAC") fails to state any claim against Defendants Jerod North ("Deputy North") and the County of Fresno ("the County") (collectively, "County Defendants"). Instead, Plaintiffs maintain that mere legal conclusions pled in the FAC are sufficient to support Plaintiffs' claims. They are not. The FAC contains no more than bare recitations of the elements of Plaintiffs' various claims against the County Defendants, which are insufficient to survive a Motion to Dismiss. Therefore, Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, and Seventh claims should be dismissed.

## II.     ARGUMENT

### A.   Plaintiffs' First Claim for Excessive Force Against Deputy North and Fifth Claim for Battery Against the County Defendants Fails.

In the Opposition, Plaintiffs contend their conclusory allegations that Decedent was suffering a mental health crisis, that deputies encountered Decedent at a gas station, that Decedent "did not pose an immediate threat of death or serious bodily injury to any person," and that Deputy North used lethal force, despite there being feasible non-lethal alternatives, are sufficient to withstand the instant Motion. (Opposition, 3:16-27.) Plaintiffs similarly contend these allegations are sufficient to support their fifth claim for battery. (*Id.*, 4:22-23.)

However, Plaintiffs concede they "do not know how Decedent was behaving" when he encountered sheriff's deputies, or "what occurred during their interaction," despite Plaintiffs' implication Decedent was armed with some sort of object. (*Id.*, 4:14-18; ECF No. 27, FAC, ¶ 40.) Plaintiffs state that "what they do know" is that Decedent was experiencing a mental health crisis and was killed, despite not being armed with a gun. (Opposition, 4:18-20.) To accept Plaintiffs' theory here, the Court would essentially hold that merely alleging a shooting of a suspect who is not armed with a firearm is sufficient to state a claim for excessive force and/or battery. Clearly, that is not the law. Plaintiffs have at most pled a series of legal conclusions; this is insufficient to support their excessive force and battery claims. Plaintiffs' first and fifth claims should be dismissed.

*{02058549.DOCX}*

DEFENDANTS COUNTY OF FRESNO AND JEROD NORTH'S REPLY TO MOTION TO DISMISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S FIRST AMENDED COMPLAINT

**B. Plaintiffs' Second Claim for Denial of Medical Care Against Deputy North Fails.**

In their Opposition, Plaintiffs similarly rely on the conclusory allegations pled in the FAC and suggest they are sufficient to state a claim for denial of medical care. (Opposition, 5:2-20.) As noted in the Motion, those allegations are entirely conclusory and unsupported by facts demonstrating, e.g., the extent of Decedent's injury, whether Decedent was mortally wounded, or the length of any alleged delay in providing medical care (beyond the vague allegation the delay was "appreciable"). (Motion, Section IV(B).) Such allegations are insufficient to support Plaintiff's second claim for denial of medical care; the claim should be dismissed.

**C. Plaintiffs' Third Claim for Violation of the Fourteenth Amendment Against Deputy North Fails.**

In the Opposition, Plaintiffs contend the conclusory allegations pled to support their excessive force and denial of medical care claims are sufficient to support their third claim because, "a jury could find that the use of deadly force against Decedent shocks the conscience because the involved deputies were deliberately indifferent to Decedent." (Opposition, 45:23-6:6.) As noted above and in the Motion, the facts pled are insufficient to support Plaintiffs' claim that Deputy North or any other deputies acted with deliberate indifference, because there are no facts regarding the events leading up to the use of force, including the object(s) with which Decedent was armed. (ECF No. 27, FAC, ¶ 40.) Moreover, Plaintiffs have pled insufficient facts regarding Decedent's condition after the use of force, e.g., whether he was mortally wounded, and thus whether it was feasible or necessary to obtain medical care. Plaintiffs similarly pled no facts suggesting Deputy North acted with a purpose to harm Decedent. Plaintiffs' third claim fails and should be dismissed.

**D. Plaintiffs' Fourth Claim for Violation of the Americans with Disabilities Act ("ADA") Fails as a Matter of Law.**

As discussed in the County's moving papers, to state a claim for violation of the ADA, Plaintiffs must plead facts suggesting (1) Decedent was an individual with a disability; (2) Decedent was otherwise qualified to receive the benefit of a public entity's services; (3) Decedent was denied the benefits of the

*{02058549.DOCX}*

DEFENDANTS COUNTY OF FRESNO AND JEROD NORTH'S REPLY TO MOTION TO DISMISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S FIRST AMENDED COMPLAINT

public entity's services; and (4) such exclusion was because of his disability. *Atayde v. Napa State Hosp.*, 255 F.Supp.3d 978, 1000-01 (E.D. Cal. 2017).

1. Plaintiffs' Contention that Decedent was a Qualified Individual with a Disability Is Entirely Conclusory and Devoid of Factual Support.

In the Opposition, Plaintiffs contend they have pled sufficient facts that Decedent had a disability because "Plaintiffs' FAC alleges that Decedent was a qualified individual, with Huntington's Disease and Type 1 Diabetes, which substantially limited his ability to care for himself and control his physical and mental health condition." (Opposition, 6:18-20.)

As discussed in the Motion, these allegations are entirely conclusory. A "disability" includes: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," or performing basic bodily functions. See 42 U.S.C.A. § 12102(2). Here, Plaintiffs plead no facts regarding the progression of Decedent's alleged diseases or the associated symptoms to evaluate whether they substantially limited Decedent's ability to care for himself as Plaintiffs claim. *Atayade,* 255 F.Supp.3d at 1000-01. People diagnosed with diabetes or Huntington's Disease experience symptoms in varying degrees of severity; many individuals with these conditions are not disabled and able to live independent, functional lives. These mere diagnoses do not render one disabled. Plaintiffs have failed to plead ***facts***, rather than conclusions, demonstrating why Decedent suffered from a disability. Plaintiffs thus have failed to plead facts sufficient to state a claim for violation of the ADA and their first claim fails. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–755 (9th Cir. 1994) (court need not accept as true conclusory allegations); *S. E. C. v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982); *W. Min. Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).

2. Knowledge of Disability

Plaintiffs do not address the County Defendants' argument that they have not sufficiently alleged facts to suggest Deputy North, or any other responding deputies, had knowledge of Decedent's alleged

disability, beyond a passing reference to Decedent's "medical and/or mental health crisis." (Opposition, 6:24-25.) As discussed in the Motion, Plaintiffs have not pled facts suggesting deputies knew Decedent was disabled, beyond conclusory allegations that Decedent "show[ed] obvious signs of emotional distress," and/or mental distress. (Motion, 9:25-27.)

"To plead a failure to accommodate under the ADA or Rehabilitation Act, a plaintiff must allege that a public entity knew of plaintiff's disability but failed to provide reasonable accommodations. *Atayde*, 255 F.Supp.3d at 1001; *Cravotta v. Cnty. of Sacramento*, 2024 WL 645705, at *8 (E.D. Cal. 2024); *Hulet v. Cnty. of Tuolumne*, 2024 WL 3758360, at *8 (E.D. Cal. 2024); *see also Robertson v. Las Animas Cnty. Sherriff's Dep't*, 500 F.3d 1185, 1196 (10th Cir. 2007).[1] "A public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation." *Hulet*, 2024 WL 3758360, at *8; *Updike v. Multnomah Cnty.*, 870 F.3d 939, 950–51 (9th Cir. 2017). Here, there are no *facts* pled regarding Decedent's behavior or what Responding Deputies noticed or should have noticed, such that the Court and the County cannot evaluate whether such behavior made it "obvious" Decedent required an accommodation. *Hulet*, 2024 WL 3758360, at *8. Plaintiffs have thus not sufficiently pled facts suggesting Responding Deputies were required to accommodate Decedent's alleged disability. Their fourth claim similarly fails for this reason.

3.  Failure to Accommodate

In the Opposition, Plaintiffs do not address the County Defendants' argument that they have pled insufficient facts to suggest Deputy North, or any other responding Deputies, failed to accommodate Decedent's alleged disability.

An entity's failure to provide a reasonable accommodation "must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Updike v. Multnomah Cnty.*, 870 F.3d 939, 950–51 (9th Cir. 2017); *Duvall v. County of Kitsap*, 260 F.3d, 1124, 1138–39 (9th Cir. 2001). Officers may fail to accommodate an individual's disability where they "had the time and the opportunity to assess the situation and potentially employ the accommodations identified by the [plaintiffs], including de-escalation, communication, or specialized help." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1037 (9th Cir. 2018).

---

[1] In the Motion, the County mistakenly cited *Robertson* as a Ninth Circuit decision. (Motion, 6:2-3.)
{02058549.DOCX}

DEFENDANTS COUNTY OF FRESNO AND JEROD NORTH'S REPLY TO MOTION TO DISMISS PLAINTIFFS
AMALIA DEEL AND MICHAEL DEEL'S FIRST AMENDED COMPLAINT

As discussed in the Motion, Plaintiffs have not pled facts regarding the duration of the stop or Decedent's interactions with responding deputies sufficient to suggest they "had the time and opportunity to assess the situation and employ" any reasonable accommodations to Decedent's alleged disability. *Vos*, 892 F.3d at 1037. Here, because Plaintiffs have pled no facts to support this element, Plaintiffs' fourth claim fails and must be dismissed.

**E.  Plaintiffs' Sixth Claim for Negligence Fails as a Matter of Law.**

In the Opposition, Plaintiffs contend the conclusory facts pled to support their excessive force claim similarly support their negligence claim. (Opposition, 4:22-23.) Plaintiffs do not address the County Defendants' argument that they have pled no facts suggesting any pre-shooting decisions made by deputies were unreasonable.

The basic elements of a negligence claim are: (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). "[O]fficers have a duty to act reasonably when using deadly force.'" *Id.*, citation omitted. "[T]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Tabares v. City of Huntington Beach,* 988 F.3d 1119, 1125, citation omitted. Officers may be liable "if the tactical conduct and decisions leading up to the use of deadly force show, as part of the totality of circumstances, that the use of deadly force was unreasonable." *Id.*, citation omitted. Under California law, the officer's pre-shooting decisions may render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of shooting might be reasonable in isolation. *See, e.g., Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1082–83 (9th Cir. 2018).

Plaintiffs fail to plead facts regarding the interaction between Decedent and responding deputies, such as the length of the interaction, Decedent's behavior, or the methods immediately available to responding deputies. Plaintiffs' sixth claim for negligence thus fails and must be dismissed.

**F.  Plaintiffs' Seventh Claim for Violation of the Bane Act Fails as a Matter of Law.**

In the Opposition, Plaintiffs contend they have adequately stated a Bane Act claim because they pled sufficient facts to suggest Deputy North violated Decedent's right to be free from excessive force.

*{02058549.DOCX}*

5

DEFENDANTS COUNTY OF FRESNO AND JEROD NORTH'S REPLY TO MOTION TO DISMISS PLAINTIFFS
AMALIA DEEL AND MICHAEL DEEL'S FIRST AMENDED COMPLAINT

(Opposition, 4:22-23.) However, Plaintiffs do not at all address in their Opposition an essential element of a Bane Act claim: that the defendant acted with a ***specific intent*** to violate the decedent's rights. *Reese*, 888 F.3d at 1045.

To state a viable claim under California Civil Code section 52.1, a plaintiff must allege the defendant "interfere[d] by threat, intimidation, or coercion . . . with the exercise or enjoyment by [plaintiff] . . . of rights secured by the Constitution or laws of the United States, or . . . of this state." Cal. Civ. Code § 52.1. A plaintiff bringing a claim under the Bane Act relating to an excessive force claim must show that the officer "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018). In other words, a plaintiff must show that a defendant had the specific intent to violate the plaintiff's constitutional rights. This element may be satisfied if an officer shows "reckless disregard of the right at issue." *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 804 (2017), citation omitted.

As discussed in the Motion, the facts pled are insufficient to suggest that Deputy North "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Id*. Further, Plaintiffs plead no facts suggesting Deputy North prevented Plaintiff from obtaining medical care in reckless disregard of Decedent's rights. Plaintiffs' Bane Act claim thus fails.

### III.    **CONCLUSION**

For the foregoing reasons, the County respectfully requests that the Court grant this Motion and issue an order dismissing Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, and Seventh Claims against the County Defendants. Further, given that Plaintiffs have not demonstrated what facts they would allege to survive another challenge if afforded an opportunity to amend the FAC, the dismissal should be without leave to amend.

Dated:    March 13, 2025                          PORTER SCOTT
                                                  A PROFESSIONAL CORPORATION


                                          By:    /s/ *Alison J. Southard*
                                                  William E. Camy
                                                  Alison J. Southard

*{02058549.DOCX}*

DEFENDANTS COUNTY OF FRESNO AND JEROD NORTH'S REPLY TO MOTION TO DISMISS PLAINTIFFS AMALIA DEEL AND MICHAEL DEEL'S FIRST AMENDED COMPLAINT